**Joe Louis THEUS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. C14–90–717–CR, C14–90–720–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 22, 1991.

Discretionary Review Granted
Nov. 20, 1991.

DeEdward J. Greer, Houston, for appellant.

Linda A. West, Houston, for appellee.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

## MAJORITY OPINION

ROBERTSON, Justice.

Appellant was indicted for possession and delivery of less that twenty-eight grams of cocaine, and was found guilty on both counts by a jury. Punishment was assessed by the trial court at thirty-five years imprisonment for possession of the controlled substance and twenty-five years for its delivery. Although originally brought as separate appeals, we have consolidated the causes since appellant's point of error and the facts are the same in both cases. We affirm.

Since appellant does not contest the sufficiency of the evidence to support his convictions, only a short recitation of the facts is necessary to understand the current ap-

peal. In early February, 1990, an undercover officer of the Houston Police Department purchased a ten-dollar rock of crack cocaine from appellant as he worked in a tire shop on Clinton Drive. As subsequent officers moved in for an arrest, appellant threw down a matchbox and a brown pill bottle, both of which contained cocaine.

Appellant's sole point of error in both appeals asserts that the trial court erred in overruling his impeachment motion and allowing the admission of his prior felony conviction for arson. In both cause numbers, appellant filed a "Motion To Testify Free From Impeachment With Prior Conviction" in which the probative value and prejudicial effect of appellant's prior misdemeanor convictions were challenged. In these motions, appellant also made the following assertion:

> The particularly unique facts surrounding the felony arson conviction and subsequent revocation are such that the prejudicial effect to the Defendant substantially outweighs its probative value as well. In addition, this conviction has virtually no bearing on truth and veracity either.

Appellant had been convicted of arson in 1985 and given probation; he did not successfully complete its terms and served two years in prison. Prior to trial, the state filed a notice to use, for punishment or impeachment purposes, five prior convictions of the appellant including the arson conviction. The state later used the arson conviction to impeach appellant during cross-examination.

Appellant's points of error involve TEX. R.CRIM.EVID. 609(a), which provides as follows:

> For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record but only if the crime was a felony or involved moral turpitude, regardless of punishment, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to a party.

The appellant argues that the probative value of admitting the impeaching evidence was outweighed by its prejudicial effect. The determination of the admissibility of evidence is within the sound discretion of the trial court and will not be disturbed on appeal absent a clear abuse of discretion. *Johnson v. State*, 698 S.W.2d 154, 160 (Tex. Crim.App.1985), *cert. denied*, 479 U.S. 871, 107 S.Ct. 239, 93 L.Ed.2d 164 (1986); *Jordan–Maier v. State*, 792 S.W.2d 188, 190 (Tex.App.—Houston [1st Dist.] 1990, pet. ref'd).

On direct examination, appellant denied ever selling cocaine to the officer and presented the picture of a model citizen. He attempted to portray himself as a respectable businessman and even testified that he had become involved in the drug problem in his neighborhood by reporting a drug dealer to the police. Additionally, a customer of the tire store testified that appellant had a reputation in the neighborhood as being "anti-drugs." The state had a right to correct any false impression given the jury during direct examination by bringing the appellant's prior conviction to light. *See Hinojosa v. State*, 780 S.W.2d 299 (Tex.App.—Beaumont 1989, pet. ref'd). The trial court did not abuse its discretion in allowing the cross-examination of the appellant to include his prior arson conviction. Appellant's point of error in each appeal is overruled, and the judgment of the trial court is affirmed.

SEARS, Justice, dissenting.

I respectfully dissent from the majority opinion.

The trial court allowed the State to use appellant's prior conviction for arson against him in the guilt or innocence phase of his trial for possession and delivery of cocaine. The majority opinion condones the action of the trial court and finds: "The State had a right to correct any false impression given the jury during direct examination by bringing the appellant's prior conviction to light." The majority finds that the State had a right to use the prior conviction because the appellant "attempted to portray himself as a respectable busi-

nessman." Therefore, the majority must have found the evidence of the extraneous offense was admissible to show that he was *not* a respectable businessman. This is the precise evil that results when evidence is admitted to attack the *character* of the accused, and has no relevance to prove any element of the offense with which the accused is charged. Texas Rules of Criminal Evidence, Rule 404, specifically prohibits the use of evidence of other crimes to prove the character of the accused.

In a recent opinion, the Texas Court of Criminal Appeals, goes into great detail in setting out the guidelines under which evidence of an extraneous offense may be admissible. *See Montgomery v. State,* 810 S.W.2d 372 (Tex.Crim.App.1991). In *Montgomery,* the accused was tried simultaneously under two indictments for indecency with a child, which was allegedly committed against two of his three young daughters. Over the objections of the defense, the State was allowed to elicit the testimony of appellant's former wives who testified that appellant often walked around the house in the nude in front of his children with an erection. Defense counsel objected to the testimony on the grounds that it was not relevant to the charges and that it involved extraneous offenses. Other testimony was elicited showing various statements and comments that he made to his daughters, the nature and content of which are despicable and not necessary to the purposes of this dissent. However, it is clear that the evidence offered against the appellant in *Montgomery* would certainly have some *relevance* to the offenses for which he was on trial. In the case at bar, the offense of arson has no relevance to the charges of possession and delivery of cocaine. Notwithstanding the potential relevance of the testimony in *Montgomery,* the Texas Court of Criminal Appeals found that the State "had no compelling need to show that the appellant frequently walked around naked, with an erection, in the presence of his children, either to prove specific intent or to shore up the testimony of the complainants." *Montgomery* at p. 397. The court held that "where relevant criteria, viewed as objectively as possible, lead to the conclusion that the danger of unfair prejudice substantially outweighed the probative value of the proffered evidence, the appellate court should declare that the trial court erred in failing to exclude it." *Id.* at p. 392.

When an objection is made pursuant to Rule 404 as to evidence of extraneous offenses, the trial court cannot simply determine that the evidence is relevant to some legitimate, non-character related purpose. The court must also determine whether the potential danger of creating undue prejudice outweighs the potential probative value of the evidence. This general rule was established "not because such evidence is without legal relevance to the general issue of whether the accused committed the act charged, but because such evidence is inherently prejudicial, tends to confuse the issues in the case, and forces the accused to defend himself against charges which he had not been notified would be brought against him." *Albrecht v. State,* 486 S.W.2d 97, 100 (Tex.Crim.App.1972).

When an objection is made that the evidence is inadmissible because it amounts to an extraneous offense, the trial judge is sufficiently alerted that he must determine not only that that evidence is relevant to a material issue in the case, but must also determine that its probative value outweighs its prejudicial impact. *Montgomery* at pp. 388–89. Although the State did not argue at the time this case was submitted, it is clear from a review of the record that the State's only purpose for introducing the evidence of the arson conviction was to attack the character of the appellant. The State alleged in their brief that because the defendant held himself out to be a "good guy", the State should be allowed to correct any wrong impression that the defendant might create in the minds of the jury. In final argument, the State argued the appellant couldn't be believed because he was an ex-con. The intent and the thrust of the argument was to get the jury to discredit the testimony of the defendant solely because he was an ex-con. However, the evidence of the convic-

tion for arson had no materiality or relevance to the issue of credibility.

The State did not argue or cite authority to show this court how the prior conviction for arson effected the credibility of the witness. In the *Montgomery* case, as in this case, the State had ample evidence to prove that the defendants committed the crimes with which they were charged. It is unfortunate that the State chose to try to bolster their case by offering inadmissible testimony of extraneous offenses. In this case, the appellant sold the cocaine to an undercover narcotics officer, and upon his arrest threw down a package containing additional cocaine. A skillful prosecutor could have easily obtained a conviction against this appellant without resorting to persuading the jury to convict the appellant because he was a "bad guy" in general.

The State, in its prosecution of this case, and the majority of this panel, in its opinion, have both failed to show how the introduction of evidence of a conviction for arson was relevant to the proof of the offenses with which the appellant was charged, or, that it was admissible to attack the credibility of the appellant. Additionally, both the State in its brief and the majority in its opinion cite as the reason for admissibility that the State was entitled to correct any false impression the defendant may have created, and thus *show that the accused was not a "good guy"*. Certainly this is the same as showing that the accused is a "bad guy", thus the attack was solely upon the character of the accused and as such is prohibited. For these reasons I dissent from the majority opinion. I find the testimony concerning the appellant's prior conviction for arson was not admissible because it was not relevant in any material issue in the case or relevant to appellant's credibility, and because its prejudicial effect greatly outweighed any possible probative value.