**Joe Louis THEUS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 1113–91, 1114–91.**

Court of Criminal Appeals of Texas, En Banc.

Dec. 2, 1992.

Rehearing Denied Jan. 27, 1993.

---

DeEdward J. Greer, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and Linda A. West and Elsa Alcala, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITIONS FOR DISCRETIONARY REVIEW

CAMPBELL, Judge.

In a single trial, a jury found appellant guilty of both possessing and delivering less than twenty-eight grams of cocaine. See Tex.Health & Safety Code § 481.001 et seq. The trial court assessed appellant's punishment at thirty-five years imprisonment for possession of the controlled substance and twenty-five years imprisonment for its delivery. The court of appeals affirmed appellant's convictions. *Theus v. State,* 816 S.W.2d 773 (Tex.App.—Houston [14th Dist.] 1991). We granted appellant's petitions for discretionary review, pursuant to Texas Rule of Appellate Procedure 200(c)(5), to decide whether the court of appeals erred in holding that the trial court correctly overruled appellant's impeachment motion, which resulted in the admission in evidence of appellant's prior felony conviction for arson. We will reverse the judgments of the trial court and the court of appeals and remand the cause to the court of appeals for a harm analysis.

The Fourteenth Court of Appeals held that the trial court did not err in admitting evidence of appellant's arson conviction at the guilt phase of the trial, asserting: "The determination of the admissibility of evidence is within the sound discretion of the trial court and will not be disturbed on appeal absent a clear abuse of discretion." *Theus v. State,* 816 S.W.2d at 774. The court of appeals reasoned that since appellant offered evidence that he was a respectable businessman and had a reputation for being "anti-drugs," the State had the right to correct any false impression created by such testimony by bringing appellant's arson conviction to the jury's attention. *Id.*

Justice Sears, in a dissenting opinion, argued that the evidence of the arson conviction had no purpose other than to prove the bad *character* of appellant, and had no relevance to appellant's *credibility.* According to the dissent, the trial court erred both in failing to find that the extraneous offense evidence was irrelevant to credibility and in failing to undertake the requisite balancing test of probative value of the extraneous offense versus its prejudicial effect. *Theus v. State,* 816 S.W.2d at 775–76 (Sears, J., dissenting).

Prior to trial, appellant filed a "Motion to Testify Free From Impeachment With Prior Conviction." In pertinent part, the motion read as follows:

Defendant moves the Court to allow him to testify at the guilt stage of the trial free from impeachment by any and/or all of the prior convictions that the State has given notice of an intent to use for such purpose, for the following reasons:

\* \* \* \* \* \*

The particularly unique facts surrounding the felony arson probation and subsequent revocation are such that the prejudicial value to the Defendant substantially outweighs its probative value as well. In addition, this conviction has virtually no bearing on truth and veracity either.

At the hearing on appellant's motion, the trial judge heard arguments from both the State and appellant on the admissibility of the prior conviction, pursuant to Texas Rule of Criminal Evidence 609(a).[1]

At this hearing, appellant contended that the facts underlying the arson conviction (there was no monetary damage and it was not done for pecuniary gain) had absolutely no bearing on his credibility. Appellant additionally argued that the jury would not be told of the relatively inconsequential nature of the crime, and would be left to conjure up images of "a burning building with people inside burning or babies inside burning, or [a] burning building with thousands and maybe even millions of dollars of damage." Appellant urged the trial judge to suppress the evidence pertaining to the arson conviction because the admission thereof would prejudice the jury; because the conviction bore little relevance to his credibility as a witness; and because the resulting prejudice would completely undermine appellant's defense of mistaken identity. In the alternative, appellant asked the judge to make specific findings of fact and conclusions of law as to his

ruling on appellant's motion, in order to preserve the record for appellate review.

In response, the State argued at the hearing that Rule 609 makes clear that, for the purpose of admissibility, the Legislature had equated felonies with crimes of moral turpitude. The State argued that evidence of appellant's conviction was particularly pertinent to the issue of credibility, because the conviction had been imposed after appellant violated the terms of his probation. The State contended that, by swearing under oath to comply with the probationary terms and then violating that oath, appellant had demonstrated that "he is not to be trusted as a truth-teller." In addition, the State argued that appellant had failed to meet his burden of proving that the prejudicial effect of the conviction outweighed its probative value. The State argued further that the trial judge was not under any obligation to make the requested findings of fact and conclusions of law, and that the appellate courts would defer to whatever ruling he made regardless of the existence of such findings. Finally, the State urged that it would be too time consuming for the trial judge to attempt to analyze the facts underlying the arson conviction. At this point, the trial judge overruled appellant's motion without making any findings of fact or conclusions of law.

At trial, appellant testified in his own defense and was impeached with evidence of the prior arson conviction. In addition, at the guilt phase of the trial appellant put on four character witnesses who testified as to their personal knowledge that appellant did not use illegal drugs and as to appellant's reputation for being "anti-drugs." The State impeached these witnesses with evidence of appellant's prior conviction for arson. The State also referred to appellant's status as an ex-convict in various portions of its final argument. The trial court instructed the jury to con-

1. Texas Rule of Criminal Evidence 609(a) provides:

For the purposes of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record but only if the crime was a felony or involved moral turpitude, regardless of punishment, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to a party.

sider appellant's prior conviction for impeachment purposes only.

### I. Correction of a False Impression

In his brief to this Court, appellant first argues that the court of appeals erred in holding that, based on *Hinojosa v. State*, 780 S.W.2d 299 (Tex.App.—Beaumont 1989, pet. ref'd), the arson conviction was admissible to correct any false impression given to the jury. The basis of appellant's argument is that the holding in *Hinojosa* does not stand for the proposition that the State can introduce prior convictions whenever a witness portrays himself as a law-abiding citizen. *Id.* at 302. Appellant, adopting Justice Sears' dissenting opinion, contends that since the arson conviction had no relevance to his credibility, the State's only purpose in introducing it was to assail his *character*. Appellant further contends that the admission of the evidence was fundamental error, or, in the alternative, not harmless beyond a reasonable doubt.

The State argues to the contrary that, "[b]ecause final felony convictions have traditionally been admissible for purposes of impeachment, and because appellant created a false impression with the jury, the Fourteenth Court of Appeals did not err in holding that the evidence was properly admitted." The State further contends that the trial judge did not abuse his discretion, since the factors contemplated by the Rule 609(a) balancing test militated in favor of admitting the arson conviction. Finally, the State asserts that the trial judge did not err by failing to set forth in the record his findings of fact and conclusions of law in overruling appellant's motion to exclude the arson conviction.

A brief examination of the holding in *Hinojosa* is appropriate. In *Hinojosa*, a co-defendant testified at trial against the defendant. When the prosecutor asked the co-defendant if he had ever been convicted of a felony offense or of an offense involving moral turpitude, he stated that he had not. 780 S.W.2d at 302. The trial court refused to let the defendant cross-examine the co-defendant "concerning his previous arrest and conviction in federal court for the offense of unlawfully transporting illegal aliens into the United States." *Id.* On appeal, the State argued that the trial court had committed no error in limiting the cross-examination. The conviction was not ordinarily usable for impeachment due to the fact that the co-defendant had successfully completed his probationary period. The Beaumont court disagreed with the State's position, because the witness's answer on direct examination "left the impression he had *never been* convicted of a felony." *Id.* (emphasis in original). Therefore, the Beaumont court held that the trial court erred in excluding the cross-examination of the co-defendant concerning his prior conviction. *Id.* at 302–303.

In making this determination, the Beaumont court relied on language from *Prescott v. State*, 744 S.W.2d 128 (Tex.Cr.App. 1988). The holding in *Prescott* was predicated upon the impeachment of a witness with the use of a prior conviction which had not become final. *Id.* at 130. While such impeachment was not normally allowed, see *Ochoa v. State*, 481 S.W.2d 847, 850 (Tex.Cr.App.1972), in *Prescott* we reiterated that an exception to the general rule exists "when a witness, during direct examination, leaves a false impression as to the extent of either his prior (1) arrests (2) convictions (3) charges or (4) 'trouble' with the police." *Id.* at 131. The Beaumont court quoted this language from *Prescott* before stating that "[i]t is, therefore, still the law, that where such a false impression as to a witness' criminal history is given to the jury on direct examination, the opposing party is entitled to elicit testimony from the witness which will correct the false impression." *Hinojosa*, 780 S.W.2d at 302.

As further support for this conclusion, the Beaumont court relied upon *Trippell v. State*, 535 S.W.2d 178 (Tex.Cr.App.1976). The Beaumont court summarized our decision in *Trippell* as follows:

> In *Trippell*, the witness portrayed himself on direct examination as a law-abiding citizen attempting to help police out of a sense of civic duty. The court of criminal appeals found the trial court committed reversible error in excluding

evidence showing the witness had previously been convicted of an assault on a woman even though the witness had successfully completed his probated sentence for such offense.

*Hinojosa,* 780 S.W.2d at 302. A close reading of our opinion in *Trippell,* however, reveals that we concluded that when "the witness represents himself as a law-abiding citizen ... *and then denies that he has ever been convicted,* it is reversible error to deny the appellant the right to cross-examine the witness as to prior convictions and other relevant matters that would tend to reflect on the witness' bias, prejudice, and ulterior motives." *Trippell,* 535 S.W.2d at 181 (emphasis added). This language demonstrates that in order to "open the door" to the evidence of prior crimes, the witness must do more than just imply that he abides by the law—he must in some way convey the impression that he has never committed a crime.

In this regard, the decision in *Hinojosa* was correct, because the court of appeals noted that the co-defendant had left the impression that he had never been convicted of a felony by directly denying that he had ever been convicted. 780 S.W.2d at 302. Likewise, in *Trippell* the witness expressly stated that he had never been convicted. 535 S.W.2d at 179. Moreover, this Court concluded in *Prescott* "that the appellant had not opened the door to impeachment by having left a false impression of his prior experience with the criminal justice system." 744 S.W.2d at 133.[2]

■ In the case at bar, appellant did not open the door for the introduction of the arson conviction. Appellant testified that he ran a tire repair store, that he had never sold drugs, and that he had reported a drug dealer to the police. Appellant's witnesses testified that appellant was not involved with drugs. Appellant in no way asserted that he had never been convicted of a felony. Therefore, we conclude that the appellate court erred in concluding that appellant had given the jury a false impression which the State was entitled to rebut by introducing the prior arson conviction.

## II. *Rule 609(a) Substantive Impeachment*

■ Having concluded that the arson conviction was not admissible to correct a false impression, we now address appellant's contentions regarding the substance of Texas Rule of Criminal Evidence 609. Appellant contends that the prior arson conviction was totally irrelevant to the crime charged or to appellant's credibility. Rule 609 provides that felony convictions *shall* be admissible[3] for impeachment purposes once the trial court decides that the probative value of the conviction outweighs its prejudicial effect. Arson is a felony offense. See Tex.Penal Code § 28.02. Therefore, a conviction for arson is admissible for impeachment purposes and may be admitted if its probative value outweighs its prejudicial effect.

■ Texas Rule 609 was derived from the corollary federal rule.[4] Although the

2. In *Prescott,* the pertinent exchange between appellant and his attorney was as follows:

> Q. Did you—do you find anything unusual that the lawyer [who] decided to work on your case took two statements one day?
> A. Well, I'm—this is my first time of going through this. Hopefully my last. In other words, I don't—I'm not sure about the legal lawyer (pause) whatever.
> Q. Okay.
> A. Procedures.

We determined that this comment, taken in context with the remainder of the direct examination, "was not a deliberate attempt by the appellant to portray himself as one ignorant of the criminal justice process. It was however, indicative of an appellant unversed in the everyday procedures of attorneys—particularly with

respect to the taking of two affidavits in one day." 744 S.W.2d at 131.

3. The term "relevant" as used in appellant's argument is not found in Rule 609. The rule provides for the admissibility of criminal convictions upon satisfaction of the specified conditions *without regard* to the concept of relevance found in Rule 401. As has been stated by the United States Court of Appeals for the D.C. Circuit: "Congress believed that all felonies have *some* probative value on the issue of credibility." *United States v. Lipscomb,* 702 F.2d 1049, 1062 (D.C.Cir.1983) (emphasis added).

4. Federal Rule of Evidence 609 provides, in relevant part:
> **(a) General Rule.** For the purpose of attacking the credibility of a witness,

Texas rule deviates from its federal counterpart in some material ways,[5] it is the same with respect to its requirement that, as a prerequisite to admitting impeachment evidence against an accused, the trial court must find [6] that the probative value of such evidence outweighs its prejudicial effect. Therefore, federal court interpretations of the federal rule will be of some guidance in our interpretation of the state rule. *Montgomery v. State*, 810 S.W.2d 372, 387 n. 2 (Tex.Cr.App.1990).

■ As an initial matter, we note that under the federal rule, "the burden of establishing admissibility is placed upon the government, the party proposing to employ the conviction, contrary to the practice with regard to unfair prejudice generally under Rule 403." M. Graham, Federal Practice and Procedure: Evidence § 6513 (Interim Edition) at 60, (footnotes omitted) (hereinafter "Graham"); see *United States v. Cunningham*, 638 F.2d 696, 697–98 (4th Cir. 1981); *United States v. Hendershot*, 614 F.2d 648, 652 (9th Cir.1980). Similarly, since Texas Rule 609 is broad enough to encompass a defendant's impeachment of a State's witness with a prior conviction, we believe that any proponent seeking to introduce evidence pursuant to Rule 609 has the

burden of demonstrating that the probative value of a conviction outweighs its prejudicial effect.

## III. *Probative Value Versus Prejudicial Effect*

■ Federal courts of appeals have set out a number of factors to be considered in weighing the probative value of a conviction against its prejudicial effect. A non-exclusive [7] list of such factors includes (1) the impeachment value of the prior crime, (2) the temporal proximity of the past crime relative to the charged offense and the witness' subsequent history, (3) the similarity between the past crime and the offense being prosecuted, (4) the importance of the defendant's testimony, and (5) the importance of the credibility issue. *United States v. Mahone*, 537 F.2d 922, 929 (7th Cir.), *cert. denied*, 429 U.S. 1025, 97 S.Ct. 646, 50 L.Ed.2d 627 (1976). The application of these factors to a particular case cannot be performed with mathematical precision because "several of the factors relevant to assessing probative value themselves cut in different directions, ..." Graham, § 6513 at 65–66. The following guidelines, however, should be helpful in performing the balancing exercise mandated by Rule 609.

---

(1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and

(2) evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment.

5. For a thorough discussion of the differences between Texas Rule 609 and Federal Rule 609, see S. Goode, O.G. Wellborn & M. Sharlot, 33 *Texas Practice* § 609.1, at 425 & n. 7 (1988).

6. In appellant's case, the trial judge heard arguments and admitted the evidence of the conviction. In overruling appellant's objection, the trial judge said, "The court is going to overrule the defendant's motion, but I guess with this caveat: I don't think there will be any need to go into all the details of that case other than the fact that there has been a conviction." While it

would have been helpful if the trial judge had made an express statement to the effect that the probative value of the conviction was not outweighed by its prejudicial effect, nothing in the text of Rule 609(a) requires a trial judge to make specific findings of fact and conclusions of law in weighing probative value and prejudicial effect. Therefore, we refuse to follow appellant's suggestion that we require trial courts to make such findings of fact and conclusions of law. See *United States v. Rosales*, 680 F.2d 1304, 1306 (10th Cir.1981); *United States v. Thompson*, 612 F.2d 233, 234 (6th Cir.1979). While we refuse to require trial courts to make such findings and conclusions, we feel that engaging in such an exercise constitutes the better practice. Therefore, we urge trial courts to enunciate on the record not only whether the probative value of a conviction outweighs its prejudicial effect, but also the rationale behind such a determination.

7. For a list of other factors that may be considered in weighing probative value and prejudicial effect, see M. Graham, Federal Practice and Procedure § 6513 (Interim Edition) at 65–66.

A. Impeachment Value, Temporal Proximity, Similarity

■ The impeachment value of crimes that involve deception is higher than crimes that involve violence, and the latter have a higher potential for prejudice. *United States v. Jackson,* 627 F.2d 1198, 1210 (D.C.Cir.1980.) Therefore, when a party seeks to impeach a witness with evidence of a crime that relates more to deception than not, the first factor weighs in favor of admission. Also, the second factor will favor admission if the past crime is recent and if the witness has demonstrated a propensity for running afoul of the law. *United States v. Hayes,* 553 F.2d 824, 828 (2d Cir.), *cert. denied,* 434 U.S. 867, 98 S.Ct. 204, 54 L.Ed.2d 143 (1977). If, however, the past crime and the charged crime are similar, the third factor will militate against admission. *Id.* The rationale behind this is that the admission for impeachment purposes of a crime similar to the crime charged presents a situation where the jury would convict on the perception of a past pattern of conduct, instead of on the facts of the charged offense. *United States v. Jackson,* 627 F.2d at 1210.

B. Importance of Defendant's Testimony and Credibility

■ Finally, the last two factors are related, because both depend on the nature of a defendant's defense and the means available to him of proving that defense. In situations where a defendant presents an alibi defense and can call other witnesses, the defendant's credibility is not likely to be a critical issue. Moreover, in such situations the defendant will not necessarily need to testify because other witnesses will be able to give evidence of his defense. When the case involves the testimony of only the defendant and the State's witnesses, however, the importance of the defendant's credibility and testimony escalates. As the importance of the defendant's credibility escalates, so will the need to allow the State an opportunity to impeach the defendant's credibility. *United States v. Fountain,* 642 F.2d 1083, 1092 (7th Cir.),

*cert. denied,* 451 U.S. 993, 101 S.Ct. 2335, 68 L.Ed.2d 854 (1981).

IV. *Standard of Appellate Review*

■ In reviewing the trial court's conduct in weighing these factors and decision in admitting into evidence a prior conviction, we must accord the trial court "wide discretion." *United States v. Oaxaca,* 569 F.2d 518, 526 (9th Cir.), *cert. denied,* 439 U.S. 926, 99 S.Ct. 310, 58 L.Ed.2d 319 (1978). Therefore, "a ruling permitting use of a prior conviction to impeach will be reversed on appeal only upon a showing of a clear abuse of discretion." Graham, § 6513 at 66 (footnote omitted). If the trial judge's decision to admit a prior conviction lies outside the zone of reasonable disagreement, an appellate court should not hesitate to reverse the trial court's determination. *Montgomery,* 810 S.W.2d at 391.

V. *Application of the Five Factors to the Instant Case*

■ Applying the factors to appellant's case, we conclude that the arson conviction had very little probative value concerning appellant's credibility, although four of the factors favor admissibility. The arson conviction would not cause the jury to necessarily perceive appellant as a drug dealer because the two crimes are not similar. The arson conviction, which became final in 1985 when appellant's probation was revoked,[8] occurred recently, relative to the instant offense, which happened in February 1990. Appellant's testimony and his credibility were important, as the defense presented was mistaken identity, and the trial pitted the testimony of the arresting officers against that of appellant and his character witnesses.

However, even though four of the factors favor the State's position, the unique facts of this case compel the conclusion that the lack of impeachment value overrides the other four factors. This is so because: (1) the arson conviction had so little probative value on the question of appellant's credibility and had much preju-

8. Appellant's probation was revoked because he failed to report to his probation officer.

dicial effect against him,[9] and (2) the trial judge failed to dispel the prejudicial effect when presented with the opportunity.

At the pretrial hearing, appellant tried to inform the trial judge of the facts underlying the arson conviction by tendering to the judge a certified copy of the probable cause affidavit from the arson prosecution. The record of the pretrial hearing reflects that appellant, after a domestic dispute with his girlfriend, had taken a beer can filled with gasoline, poured the gasoline through her postal slot, and then set fire to the postal slot. The record also reflects that appellant was not ordered to pay any restitution in that case. In ruling that the arson conviction was admissible, the trial judge said "I don't think there will be any need to go into all the details of that case other than the fact that there has been a conviction." If the trial judge had allowed appellant to present the facts underlying his arson conviction and had considered those facts himself in determining the admissibility of the conviction, the prejudicial effect of admitting the conviction would have been greatly lessened. Since the trial judge prohibited appellant from reducing the prejudicial effect of the prior arson conviction, the facts of this case compel us to conclude that the trial judge abused his discretion in ruling the conviction admissible.

Having concluded that the trial court abused its discretion, we must reverse the judgment of the court of appeals and remand this case to that court for a determination of whether the error was harmless beyond a reasonable doubt. Tex.R.App. Proc. 81(b)(2); *Haynie v. State,* 751 S.W.2d 878, 879 (Tex.Cr.App.1988).

The judgment of the court of appeals is REVERSED and the cause REMANDED to that court.

BENAVIDES, J., joined by McCOR-MICK, P.J., concur because it seems clear to us that the trial court limited the appellant's use of facts which would ameliorate or lessen the impact of the prior conviction, and therefore we join only in the result reached by the majority.

9. We agree with appellant that the potential for prejudice was great because "arson" potentially

CLINTON, J., concurs in the result.

WHITE, J., dissents.

conjures up images of burning buildings and insurance fraud.