In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00037-CR


______________________________




JERRY VALYNN TIMMONS, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the Fourth Judicial District Court


Rusk County, Texas


Trial Court No. CR07-050




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 Near the end of a lengthy and coordinated, multiple-officer police chase (1) of a vehicle driven
by Jerry Valynn Timmons, Timmons accelerated his automobile toward plain-clothed detective
James Dukes, who was on foot in the center of a residential driveway with his gun drawn and his
badge displayed on his belt. Fearing for his life, Dukes fired a single shot at the approaching vehicle
and jumped out of the way, sustaining a serious knee injury in the process.

 As a result of that encounter with Dukes, Timmons was convicted by a jury of aggravated
assault on a public servant, (2) with a deadly weapon finding, and sentenced to thirty-five years'
imprisonment and a $10,000.00 fine.

 Timmons contends on appeal that there is legally and factually insufficient evidence to
support his conviction and that the trial court erred by admitting an aerial videotape made by the
State of a re-enactment of the chase to show the route followed by Timmons. We affirm the trial
court's judgment because (1) legally and factually sufficient evidence supports the conviction and
(2) admitting the videotape re-enactment was not error.

(1) Legally and Factually Sufficient Evidence Supports the Conviction

 In reviewing the legal sufficiency of the evidence, we view all of the evidence in the light
most favorable to the verdict and determine whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt. Johnson v. State, 23 S.W.3d 1, 7 (Tex.
Crim. App. 2000).

 In a factual sufficiency review, we review all the evidence, but do so in a neutral light and
determine whether the evidence supporting the verdict is so weak or is so outweighed by the great
weight and preponderance of the evidence that the jury's verdict is clearly wrong or manifestly
unjust. Roberts v. State, 220 S.W.3d 521, 524 (Tex. Crim. App. 2007). (3) In a factual sufficiency
review, we are to afford "due deference" to a jury's determinations. Marshall v. State, 210 S.W.3d
618, 625 (Tex. Crim. App. 2006).

 Inference stacking is not part of factual sufficiency analysis. The jury can draw multiple
reasonable inferences as long as each inference is supported by evidence presented at trial. The jury
may not come to conclusions based on mere speculation or factually unsupported inferences or
presumptions. Hooper v. State, 214 S.W.3d 9, 15-16 (Tex. Crim. App. 2007).

 The only element of proof that is clearly challenged is the question of intent. Timmons
argues that there was no evidence he intended to injure Dukes. 

 The evidence surrounding the alleged assault shows that Timmons had led police in a chase
for about fifteen minutes. He had outdistanced them sufficiently to attempt to hide his car behind
a house. Officers found Timmons' vehicle, and one of the officers pulled his police vehicle, with
lights flashing, up to the house. One officer got out of his car, approached Timmons, and fired two
shots at the tires of Timmons' vehicle. Timmons accelerated his vehicle around the back of the
house--directly into the path of Officer Dukes. Timmons did not attempt to avoid Dukes and did
not change his path. Dukes jumped out of the way, firing one shot at the car driven by Timmons. 
When Dukes landed, he felt his knee pop. Later, Dukes had surgery to repair a torn meniscus and
anterior cruciate ligament in his knee. Other officers continued to chase Timmons, and eventually
found his car parked, with flat tires, and Timmons hiding nearby under a mattress. 

 Intent may be directly proven, or it may be inferred from circumstantial evidence such as acts,
words, and the conduct of the appellant. Guevara v. State, 152 S.W.3d 45, 50 (Tex. Crim. App.
2004). In this case, evidence showed that Timmons attempted, for quite some time, to avoid capture
by police. While so doing, and while being closely pursued by officers both afoot and in cars,
Timmons drove directly at Dukes, who had to jump out of the way to avoid being hit. This evidence
is sufficient to allow a jury to infer that Timmons knowingly or recklessly committed the assault. 
See Tex. Penal Code Ann. § 22.02. The evidence is factually and legally sufficient.

(2) Admitting the Video Re-enactment Was Not Error

 Timmons also contends that the trial court erred by admitting a videotape made of a re-enactment of the chase which preceded the alleged assault. The videotape is a split screen display. 
On one side, an aerial view of a police car retracing Timmons' path is shown, and on the other, a map
of the area shows the route being followed.

 We review a trial court's admission or exclusion of evidence for abuse of discretion. Spradlin
v. State, 100 S.W.3d 372, 381 (Tex. App.--Houston [1st Dist.] 2002, no pet.). We are to give trial
courts wide latitude in their decisions to admit or exclude evidence. Theus v. State, 845 S.W.2d 874,
881 (Tex. Crim. App. 1992). As long as an evidentiary ruling is within the zone of reasonable
disagreement, we are not to disturb it. Ellis v. State, 99 S.W.3d 783, 788 (Tex. App.--Houston [1st
Dist.] 2003, pet. ref'd).

 At trial, Timmons objected to the admission of the videotape on the basis that it was not
relevant and that it showed nothing other than Timmons' flight, which was not an element of the
offense on trial. He also objected on the basis that the videotape was made by someone other than
the testifying witness, thus containing hearsay, and that expert testimony should be required to admit
the videotape, and that it had the potential to confuse the jury because it did not go to show anything
underlying the charge. The videotape was admitted as demonstrative evidence, that is,
demonstrating the route followed; and the jury was so instructed. 

 On appeal, the only argument is that the videotape constituted an admission of the results of
an experiment conducted out of court and in the absence of opposing counsel and that the trial court
thus abused its discretion by admitting the evidence. See Fort Worth & Denver Ry. Co. v. Williams,
375 S.W.2d 279, 281-82 (Tex. 1964). This concept was explored in some depth by this Court in
Horn v. Hefner, 115 S.W.3d 255, 257 (Tex. App.--Texarkana 2003, no pet.). (4)

 The videotape showing the route taken by Timmons during the chase is not properly subject
to this objection. It is not an experiment. It is not a reconstruction that required expert explanation. 
It was essentially a videotape version of a print map, illustrated by a vehicle moving along the
relevant roadways, showing Timmons' efforts to avoid the officers who gave chase. It was used to
show the jury the route followed by this rather extended and complex chase, and the jury was
explicitly instructed that its consideration of the evidence was limited to that purpose. A significant
contention of Timmons has been his lack of intent to assault Dukes. Relevant to that issue was the
preceding flight. We conclude that this contention of error is without merit.

 We affirm the judgment.



 Josh R. Morriss, III

 Chief Justice


Date Submitted: August 13, 2007

Date Decided: September 17, 2007


Do Not Publish
1. The initial reason for the chase is not relevant in this appeal.
2. See   Tex.   Penal   Code   Ann.   §   22.02(a)(1),   (2),   (b)(2)(B),   (c)   (aggravated
assault);  § 22.01(a)(1), (2) (assault); § 1.07 (a)(46) (Vernon Supp. 2006) (serious bodily injury).
3. Watson v. State, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006); Clewis v. State, 922
S.W.2d 126, 134 (Tex. Crim. App. 1996).
4. It is within the discretion of the trial court to determine whether the existence of a
dissimilarity between those conditions causes evidence of the experiment to confuse rather than aid
the jury and, thus, whether the evidence should be excluded. Horn, 115 S.W.3d at 255; Sosa By &
Through Grant v. Koshy, 961 S.W.2d 420, 430 (Tex. App.--Houston [1st Dist.] 1997, pet. denied).




EM>see U.S. Const. amend. IV; Tex. Const.
art. I, § 9. The purpose of both constitutional provisions is to safeguard an individual's
legitimate expectation of privacy from unreasonable governmental intrusions. Villarreal,
935 S.W.2d at 138. To establish an expectation of privacy, the accused must show (a)
that by his or her conduct, he or she exhibited an actual subjective expectation of privacy,
i.e., a genuine intention to preserve something as private; and (b) that circumstances
existed under which society was prepared to recognize his or her subjective expectation
as objectively reasonable. Id. A person driving a rental vehicle does not have standing to challenge a search of
the vehicle if his or her driving of the vehicle is prohibited by the vehicle rental agreement,
even if such person had the permission of the person who rented the vehicle. Freeman
v. State, 62 S.W.3d 883, 889 (Tex. App.-Texarkana 2001, pet. ref'd); Rovnak v. State, 990
S.W.2d 863, 871 (Tex. App.-Texarkana 1999, pet. ref'd). While a third party driving a
rental vehicle may be able to show that, by his or her conduct, he or she exhibited an
actual subjective expectation of privacy, that third party cannot meet the burden of showing
his or her subjective expectation was one society would recognize as objectively
reasonable under the circumstances because that party has no property or possessory
interest in the vehicle. See Rovnak, 990 S.W.2d at 871.

 Pruneda testified he had permission from Hernandez, the person who rented the
vehicle. Nonetheless, Pruneda was prohibited by the terms of the rental agreement from
driving the vehicle. Under the terms of the agreement, additional drivers were required to
be listed on the rental agreement and to present their driver's licenses to the rental store
for approval. Because Pruneda was not authorized under the terms of the rental
agreement to drive this vehicle, he lacked standing to challenge the search of the vehicle. 
We overrule his second point of error. 

 Pruneda additionally argues in his brief that, "Standing in the vehicle aside,
Appellant had standing to contest the detention of his person and statements drawn from
him." We agree that a person may have standing to contest the detention of his or her
person even if he or she does not have standing to contest the search of a rental vehicle
such person was driving. See Freeman, 62 S.W.3d at 889. However, Pruneda predicated
his contention the stop was illegal on a finding of racial profiling. As addressed above, we
have found no evidence of racial profiling. Accordingly, Pruneda's alternative contention
is likewise overruled. 

 We affirm the judgment.



 Donald R. Ross

 Justice


 

Date Submitted: March 20, 2003

Date Decided: April 25, 2003


Publish

1. Pruneda was traveling seventy-three miles per hour in a sixty-five mile-per-hour
zone.