

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-18-00002-CR

ROGER DEE BENEFIELD, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 188th District Court
Gregg County, Texas
Trial Court No. 46,894-A

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Roger Dee Benefield was arrested for public intoxication by Longview Police Officer Larry Solomon at Magrill Plaza in Longview. As Benefield was being transported to jail, he spat on Solomon, causing his saliva to come in contact with Solomon's right hand and right arm. Consequently, a Gregg County jury convicted Benefield of harassment of a public servant[1] and assessed him forty-five years in prison, after enhancement.

In his appeal, Benefield complains that the trial court erred in admitting a 1989 conviction for aggravated sexual assault during the guilt/innocence phase of his trial.[2] However, we have carefully reviewed the record and have found that the only prior conviction admitted during the guilt/innocence phase of Benefield's trial was a 2006 conviction for failure to register as a sex offender, which was admitted without objection.[3] Benefield did not complain (either at trial or on appeal) regarding the admission of evidence pertaining to his conviction for failing to register as a sex offender.

---

[1]*See* TEX. PENAL CODE ANN. § 22.11(a)(3) (West Supp. 2017).

[2]For instance, Benefield argues,

> For the defense, arguing that the Defendant should have been believed over the officer became impossible when his aggravated sexual assault conviction was admitted. That credibility dispute was, as a practical matter, completely resolved by admission of the aggravated sexual assault conviction. Juries are swayed quite strongly by previous convictions, particularly for sex crimes, because of the horrific nature of the crime combined with the widely-held belief that sex criminals are incurable. Once that conviction was admitted, the guilt-innocence phase was essentially over and the Defendant was facing twenty-five to life.

Further, Benefield cites *Theus v. State*, 845 S.W.2d 874 (Tex. Crim. App. 1992), some eight times in his brief. *Theus* is a case involving evidence of a prior conviction introduced during the guilt/innocence phase of a trial.

[3]The 1989 conviction for aggravated sexual assault was introduced during the punishment phase of the trial without objection and was one of the convictions alleged for enhancement purposes. Extraneous-offense evidence may be offered during the punishment phase. TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1) (West Supp. 2017).

Consequently, we find that Benefield's complaint is without merit. We overrule his sole issue.

For the reasons stated, we affirm the trial court's judgment.

Bailey C. Moseley
Justice

Date Submitted:     June 20, 2018
Date Decided:       June 26, 2018

Do Not Publish