

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-87,936-02

## EX PARTE LADONDRELL MONTGOMERY, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 1328816-A IN THE 351ST DISTRICT COURT FROM HARRIS COUNTY

*Per curiam.  Newell, J. not participating.*

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967).  Applicant was convicted of aggravated robbery and sentenced to forty-five years' imprisonment.  The Fourteenth Court of Appeals affirmed his conviction. *Montgomery v. State*, No. 14-12-00939-CR (Tex. App. — Houston [14th Dist.] Aug 14, 2014) (not designated for publication).

Applicant contends that his trial counsel rendered ineffective assistance for various reasons.

Applicant alleges that trial counsel failed to object or request that an instruction on the burden of

proof with regard to extraneous offenses be included in the jury charge. He alleges that trial counsel failed to timely object or request a mistrial when the enhancement allegations were not read and Applicant was not asked to enter a plea to them before the presentation of punishment evidence. Applicant alleges that trial counsel failed to investigate and present testimony from witnesses at the punishment stage who were available and willing to provide mitigating testimony. Applicant also alleges that trial counsel failed to advise him of the availability of a hearing pursuant to *Theus v. State*, 845 S.W.2d 874 (Tex. Crim. App. 1992), to determine whether Applicant could testify without impeachment using prior convictions.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for

habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: July 25, 2018
Do not publish