

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-88,245-05

### EX PARTE RAMON TORRES, JR., Applicant

---

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1541830-A IN THE 208TH DISTRICT COURT
### FROM HARRIS COUNTY

---

*Per curiam*.

### O R D E R

Applicant was convicted of aggravated sexual assault and sentenced to sixty years' imprisonment. The Fourteenth Court of Appeals affirmed his conviction. *Torres v. State*, 609 S.W.3d 595 (Tex. App. — Houston [14th Dist.] September 3, 2020) (pet. ref'd). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that trial counsel was ineffective because trial counsel failed to object to improper comments by the prosecutor during closing arguments, failed to file a motion to allow Applicant to testify without impeachment with prior extraneous offenses pursuant to *Theus v. State*, 845 S.W.2d 874 (Tex. Crim. App. 1992), failed to investigate and obtain

surveillance video footage from a gas station where the complainant allegedly encountered him before the offense and returned after the offense, failed to retain a defense D.N.A. expert, and failed to challenge or strike a venire member who said that he would afford law enforcement officers more credibility than defense witnesses.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claims. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant was prejudiced. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: January 11, 2023
Do not publish