NO. 07-01-0290-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



AUGUST 27, 2003



______________________________




JONATHAN DEWAYNE NELSON, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 85TH DISTRICT COURT OF BRAZOS COUNTY;



NO. 28,214-85; HONORABLE J. D. LANGLEY, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Following a plea of not guilty, appellant Jonathan Dewayne Nelson was convicted
by a jury of capital murder and punishment was assessed by the trial court at confinement
for life. Presenting a sole issue, appellant contends the trial court abused its discretion
in overruling his request to impeach a State's witness with his prior criminal record. Based
upon the rationale expressed herein, we affirm.

 Appellant was indicted for causing the death of his girlfriend while in the course of
committing and attempting to commit burglary of a habitation. The State's key witness,
Steven Johnson, testified about the confrontation between appellant and the victim which
ultimately resulted in her death. During the State's direct examination of Johnson, the
prosecutor inquired as follows:


 Now, Mr. Johnson, have you ever been in trouble with the law before?



 Yes.



 Juvenile problems?


 A. Yes.


 You haven't been convicted of an adult felony, have you?



 No.



 Or a misdemeanor of what we call moral turpitude?



 No.


* * *



 During cross-examination, defense counsel asked, "[the prosecutor] asked you a
question of if you've have [sic] some trouble with the law; correct"? After the witness
answered affirmatively, defense counsel engaged in a bench conference and contended
the prosecutor had opened the door to questions regarding trouble with the law. He
requested permission to question Johnson about prior arrests. The trial court denied the
request but allowed defense counsel to make a bill of exception. During the offer of proof,
appellant admitted to five prior arrests, including one for possession of less than two
ounces of marihuana as an adult. The trial court sustained the State's objection to the
proffered testimony reasoning that if the witness had denied being in trouble with the law,
it would have considered admission of the arrests.

 By his sole issue, appellant argues the trial court abused its discretion in denying
his request to impeach Johnson with his prior criminal record. We disagree. Rule 609(a)
of the Texas Rules of Evidence provides that the credibility of a witness may be attacked
by prior criminal convictions for felonies or crimes involving moral turpitude. An exception
to Rule 609(a), on which appellant relies, applies when a witness makes statements
concerning his past conduct which create a false impression of law abiding behavior. Delk
v. State, 855 S.W.2d 700, 704 (Tex.Cr.App. 1993), cert. denied, 510 U.S. 982, 114 S.Ct.
481, 126 L.Ed.2d 432 (1993). In that situation, the witness "opens the door" on his
otherwise irrelevant criminal history for exposure of the falsehood by opposing counsel. 
Id. 

 Specifically, appellant argues Johnson opened the door to his prior arrests by
creating a false impression that his only trouble with the law was as a juvenile when his
arrest for possession of marihuana occurred as an adult. A witness's response to a
question cannot be examined in a vacuum. Prescott v. State, 744 S.W.2d 128, 131
(Tex.Cr.App. 1988). Rather, the context of the entire colloquy must be reviewed to
determine whether the door was opened. Delk, 855 S.W.2d at 704. 

 Johnson denied being convicted of an adult felony when asked by the prosecutor. 
(Emphasis added). The question broadened the scope of direct examination beyond his
juvenile criminal history. Furthermore, his arrest for possession of less than two ounces
of marihuana is a Class B misdemeanor. Tex. Health & Safety Code Ann. § 481.121(b)(1) 
(Vernon 2003). Read in context, Johnson's testimony did not create a false impression
that his only trouble with the law was as a juvenile. Also, because his response that he
had never been convicted of an adult felony was not false, he did not open the door to
impeachment by his prior arrests. Theus v. State, 845 S.W.2d 874, 878-79 (Tex.Cr.App.
1992); see also Bell v. State, 620 S.W.2d 116, 125 (Tex.Cr.App. 1981) (on reh'g) (noting
that mere arrests or charges of offenses are generally inadmissible for impeachment). We
conclude the trial court did not abuse its discretion in denying appellant's request to
impeach Johnson with his prior arrests. His sole issue is overruled. 

 Accordingly, the judgment of the trial court is affirmed.

 Don H. Reavis

 Justice


Do not publish.



n or offer to stipulate that acceptance
of the tender would not prejudice the creditor's right to pursue additional sums). 

 Nor do we find the case of Allison v. Fire Ins. Exch., 98 S.W.3d 227 (Tex.
App.-Austin 2002, no pet. h.) dispositive. The terms under which Fire Insurance
Exchange tendered the interim payments to Allison went unmentioned in the opinion. 
Here, Republic tendered the lesser sum as full settlement of the dispute. Moreover, the
Allison court failed to explain why it deviated from the well-settled rule holding that tender
of less than full amount due does not stop the accrual of interest, which rule we discussed
in our original opinion. 

 The motion for rehearing is overruled.


 Brian Quinn

 Justice


 
1. Now it may be possible for the insurer to toll the accrual of interest on the difference while the
dispute is resolved. However, that will be addressed below.