Opinion issued September 25, 2003











In The
Court of Appeals
For The
First District of Texas




NO. 01-01-01237-CR
____________

JUAN JOSE DELEON, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 361st District Court 
Brazos County, Texas
Trial Court Cause No. 28,518-361




O P I N I O N
          A jury convicted appellant, Juan Jose Deleon, of aggravated assault, enhanced
by two prior convictions for murder and one prior conviction for burglary of a
building, with all three prior convictions having occurred at the same time. The trial
court assessed punishment at 40 years in prison. We determine whether error in the
admission of appellant’s two prior convictions for murder, convictions which were
admitted to impeach appellant under Texas Rule of Evidence 609(a) (attacking
credibility of a witness), was harmless in light of appellant’s failure to object to the
admissibility of the prior convictions under Texas Rule of Evidence 404(b)
(extraneous offenses), the State’s alternative basis for admissibility. See Tex. R.
Evid. 404(b), 609(a). We affirm.
Facts
          Appellant and his girlfriend, Amy Aresnas, had a two-year-old son. One day,
appellant and Aresnas began arguing at her apartment after she had told him she did
not want to date him anymore. Aresnas had gone upstairs to collect some of
appellant’s things to return them to him. She was walking down the stairs when she
was met by appellant, who was coming up the stairs holding a knife. Aresnas saw
appellant trying to “strike” her with the knife and, after looking at her wrist, realized
that she was bleeding.
          College Station Police Officer Anthony Taylor responded to a call from
Aresnas after she had been stabbed and found blood and a knife on the floor of her
apartment. Officer Taylor saw that Aresnas had a puncture wound on the right side
of her chest and two cuts on her wrist. Aresnas told him that, as she was coming
down the stairs, appellant met her, hit her on the head with his hand, and then stabbed
her with the knife. 
          When paramedic Lance Norwood met Aresnas at her apartment, Aresnas told
him that her “ex-boyfriend stabbed her in the chest and cut her wrists.” Aresnas also
told her neighbor, Phyllis Wheatfall, that “her husband” had stabbed her. Wheatfall
saw appellant leave Aresnas’s house and identified him at trial as Aresnas’s
“husband.” In the expert opinion of College Station Police Officer Charles Fleeger,
the cuts on Aresnas’s wrist were defensive wounds. 
          At trial, Aresnas testified that she did not remember much about the day she
was stabbed. Aresnas admitted that she had signed a non-prosecution affidavit
because appellant was the father of her son and that she was reluctant to testify
against appellant. Appellant testified that, on the day of the stabbing, Aresnas was
the one who had first brandished a knife and that Aresnas poked him twice with the
knife before he was able to take it away from her. Appellant stated that he and
Aresnas both fell down the stairs together and, at that point, Aresnas may have been 
stabbed accidentally.
Admissibility of Prior Convictions
          In his sole point of error, appellant contends that the trial court abused its
discretion in permitting the State, over appellant’s objection, to impeach appellant
with two prior murder convictions. Appellant contends the trial court allowed
impeachment under two theories: (1) Texas Rule of Evidence 404(b), rebutting the
defensive theory of self-defense (first aggressor), and (2) Texas Rule of Evidence
609(a). Appellant addresses each theory of admissibility separately, arguing that the
prior murder convictions were not admissible under either theory. The State argues
that the prior murder convictions were admissible under either theory, and that
appellant failed to preserve his complaint as to rule 404(b) because he objected at trial
only as to rule 609(a), regarding attacking the credibility of a witness. In his reply
brief, appellant argues that his rule-609 and rule-403 objections were preserved
because the trial court understood the nature of appellant’s objections; he
alternatively argues that if this Court finds that the objections were not preserved,
then it should also find that appellant received ineffective assistance of counsel due
to trial counsel’s failure to preserve these objections properly.



          The record reflects that the State provided notice to appellant that the State
would offer evidence of appellant’s prior convictions, including the two murder
convictions, pursuant to rule 404(b) and article 37.07of the Texas Code of Criminal
Procedure, in the State’s case-in-chief or at punishment. See Tex. Code Crim. Proc.
Ann. art. 37.07 (Vernon Supp. 2003); Tex. R. Evid. 404(b). Under the authority of
Theus v. State, 845 S.W.2d 874 (Tex. Crim. App. 1992), appellant requested a hearing
outside the presence of the jury for a determination of the admissibility of appellant’s
prior convictions for impeachment purposes under rule 609. The trial court granted
appellant’s request and held such a hearing.
          At the hearing, the trial court stated that it would consider whether the prior
convictions for murder might be used for impeachment purposes. The trial court also
acknowledged that appellant had filed a motion indicating appellant’s opposition to
use of the prior convictions for impeachment under rules 609 and 403—“the
prejudicial effect outweighing the probative value.” The trial court specifically
instructed the prosecutor to confine her remarks at the hearing to admissibility for
impeachment purposes generally, as opposed to admissibility for impeachment on a
particular aspect of testimony, such as first aggression. The trial court also
considered the remoteness of the two prior convictions, but concluded, under the
circumstances as a whole, that the prior convictions were probative of the credibility
of the witness. The trial court ruled that the prior murder conviction involving a knife
would be admissible without restriction, although the other prior murder conviction
would be admissible only in the event that a question arose as to who the first
aggressor was. No further objection was made by defense counsel at trial, although
defense counsel did ask for a jury instruction limiting consideration of the prior
convictions for the purpose admitted. The trial court said that it would instruct the
jury twice, once orally at the time of admission, and again in the jury charge. 
However, the record reflects that the limiting instruction was given only in the jury
charge, again without defense objection. The jury was instructed that it could
consider the prior convictions only for the purposes of determining appellant’s
credibility (rule 609(a)) or intent (rule 404(b)) or of rebutting a defensive theory (rule
404(b)).
          We must determine which issues appellant preserved by objection at trial. We
hold that appellant is correct that the trial court was aware of his objections on the
basis of rules 609 and 403.


 His objection under rule 609 was thus preserved. In
contrast, despite the State’s having put appellant on notice of its intent to introduce
the prior murder convictions pursuant to rule 404(b), no defense objection appears in
the record opposing admission on the basis of rule 404(b). Therefore, appellant failed
to preserve his objection to admissibility pursuant to rule 404(b). Accordingly, we
will first address admissibility pursuant to rule 609(a). Then we will address the
effect of appellant’s failure to preserve his complaint regarding admissibility pursuant
to rule 404(b).



A.      Rule 609(a)
          Convictions for felonies may be admissible to impeach a witness’s credibility
for truthfulness. Tex. R. Evid. 609(a). A witness’s credibility may not be impeached
by evidence of a felony conviction if 10 years have elapsed since the date of
conviction or release from confinement, unless the court determines that, in the
interest of justice, the probative value of the conviction, supported by specific facts
and circumstances, substantially outweighs its prejudicial effect.


 Tex. R. Evid.
609(b). The following factors may be considered in weighing the probative value of
a conviction against its prejudicial effect: (1) the impeachment value of the prior
crime, (2) the temporal proximity of the prior crime, (3) the similarity between the
prior crime and the offense being prosecuted, (4) the importance of the defendant’s
testimony, and (5) the importance of the credibility issue. Theus, 845 S.W.2d at 880. 
The trial court has “wide discretion” to decide whether to admit the witness’s prior
convictions for impeachment purposes. Id.
 
 
          1.       Application of the Theus Factors      
          First, appellant argues that the impeachment value of his prior convictions was
slight because neither crime involved moral turpitude or deception. Appellant
correctly notes that the impeachment value of crimes involving deception is higher
than that of crimes involving violence, the latter crimes also having a higher potential
for prejudice. See id. at 881. Because appellant’s prior crimes involved acts of
violence, rather than acts of deception, the first Theus factor weighs against
admissibility. 
          Second, appellant claims that, because the murder convictions were 13 years
old at the time of trial, the prior convictions were too remote to be admissible. Prior
convictions may be admissible for impeachment only if the past crime is recent and
if the witness has demonstrated a propensity for running afoul of the law. See id. 
Here, even though both of appellant’s convictions were 13 years old, he had been
reincarcerated for them twice and was currently serving time on them at the time of
trial. Therefore, the second factor weighs in favor of admissibility. 
          Third, appellant argues that the similarity between the past convictions and the
charged offense militated heavily against their admissibility because admission of the
prior convictions increased the danger that the jury would convict appellant based on
a past pattern of conduct. Because both of the prior crimes (but particularly the
stabbing-murder) and the charged offense are similar, the third Theus factor weighs
against admissibility. See id.
          Finally, appellant claims that the last two Theus factors, the importance of
appellant’s testimony and the importance of the credibility issue, weigh against
admissibility because the State called three other witnesses to corroborate Aresnas’s
story that appellant had stabbed her. The State introduced the testimony of Officer
Taylor, paramedic Norwood, and neighbor Wheatfall, all of whom stated that Aresnas
had told them that appellant had stabbed her. Because only appellant testified that
Aresnas was the first aggressor, appellant’s testimony about the events of the day of
the stabbing was very important. However, none of the State’s three witnesses was
present at the scene, and none thus had first-hand knowledge to rebut appellant’s
testimony that Aresnas was the first aggressor. Therefore, it was important for the
State to be able to impeach appellant. Accordingly, the last two Theus factors appear
to cancel each other. 
          2.       Resolution
          The probative value of appellant’s two prior murder convictions to impeach his
credibility was slight, if any. The prejudice, particularly of the prior murder
conviction in which appellant had stabbed the victim 23 times with a knife, was great. 
Probative value and prejudice are important, not only because they are expressly
mentioned in rule 609(a), but also because that rule’s weighing analysis requires that
the probative value outweigh the prejudicial effect, thereby favoring exclusion even
when the probative value and prejudicial effect are equal. Accordingly, we hold that
the trial court abused its discretion by admitting evidence of the prior convictions for
impeachment under rule 609(a). 
B.      Harm Analysis
          Having determined that the trial court erred, we must now determine whether
the error was harmless or whether appellant’s substantial rights were affected. See
Tex. R. App. P. 44.2(b); Theus, 845 S.W.2d at 881. A substantial right is affected
when the error has a substantial and injurious effect or influence in determining the
jury’s verdict. King v. State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). The
question is whether the inadmissible evidence contributed to the jury’s verdict. 
George v. State, 959 S.W.2d 378, 383 (Tex. App.—Beaumont 1998, pet. ref’d). We
must review the entire record to determine whether the error had more than a slight
influence on the verdict. King, 953 S.W.2d at 271. 
          In this determination, we must also consider that appellant did not object to the 
admission of the two prior murder convictions pursuant to rule 404(b).


 Rule 404(b)
allows admissibility of extraneous offenses to prove intent or to rebut a defensive
theory,


 and the trial court instructed the jury that it could consider the extraneous
offenses for purposes of determining appellant’s credibility or intent or of rebutting
the defensive theory that the charged conduct did not occur. We must determine to
what extent, if any, appellant was harmed by the admissibility of the two prior murder
convictions for the purpose of determining appellant’s credibility, beyond the harm
done by their admissibility as extraneous offenses.
          The prosecutor argued that the jury could consider the two prior murder
convictions for all three purposes. In opening remarks, the prosecutor argued:
Now, let’s look at the Defendant to decide who is the
person who would bring the knife into this fight. Well, the
Defendant has two prior criminal convictions for murder. 
One of those involves a knife. One of those involves
beating a man to death. He has a history of violence, a
history of aggression. 
 
And that can show you what his intent was that day and
that can show you who is the aggressor in the relationship
between these two people. 
 
Then, in closing remarks, the prosecutor argued:
Why is that prior conviction of not one, but two murders,
extremely important to you? Number one, it goes to judge
his credibility. The law tells you that. But it goes to show
intent. Intent. He sits up here and with a calm face and
says, “You know what, I was in a relationship with this 18-year-old girl by the name of Amy Aresnas, who was violent
toward me. She is the aggressor. And, you know, when
she’s pregnant, she comes at me with a hammer. And you
know what, tons of people saw that.”
 
Even though the prosecutor argued all three purposes, she mentioned credibility only
once and did not dwell on it. She did dwell on the other two purposes.
          What was really prejudicial to appellant was the inherently violent nature of
two prior murder convictions and the fact that one prior murder conviction involved
appellant’s stabbing the victim 23 times with a knife. The prejudice was much more
attributable to the admission of the prior convictions pursuant to rule 404(b) than it
was to their admission pursuant to rule 609(a). Moreover, as already pointed out, the
probative value of the two prior murder convictions regarding appellant’s credibility
was slight. Thus, it is less likely that the jury considered the two prior murder
convictions in determining appellant’s credibility beyond the consideration that the
jury gave to the same prior murder convictions to show appellant’s intent or to rebut
a defensive theory. Under these circumstances, we hold that appellant’s substantial
rights were not affected by the admissibility of appellant’s two prior murder
convictions pursuant to rule 609(a). See Tex. R. App. P. 44.2(b).
Conclusion
          We affirm the judgment of the trial court.


 Tim Taft
     Justice

Panel consists of Justices Taft, Keyes, and Higley.

Justice Keyes, concurring in the judgment.

Publish. Tex. R. App. P. 47.2(b).