IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-03-00385-CR

 

Charlton Tipton,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 220th District Court

Hamilton County, Texas

Trial Court # 03-06-07270

 



MEMORANDUM 
Opinion



 

          Charlton
Tipton was charged by indictment with the offense of aggravated sexual
assault.  Tex. Pen. Code Ann. § 22.021 (Vernon Supp. 2004-05).  He was tried before a jury and found
guilty.  He pled true to an enhancement
count, and the jury assessed punishment at life imprisonment.  Tipton brings these issues on appeal: (1) the
trial court erred in admitting evidence of an alleged extraneous sexual assault
offense at the guilt-innocence phase of the trial in violation of Rules 401,
403, and 404 of the Texas Rules of Evidence; and (2) he was denied his right to
effective assistance of counsel.

          Finding
error but no harm, we will affirm the judgment.

Background

          The
alleged victim was Tipton’s daughter, who was ten years old at the time of the
alleged offense.  She testified that
Tipton sexually assaulted her on several occasions.  One of those occasions was the charged sexual
assault alleged to have occurred in Hamilton, Texas.  A pediatric nurse testified that her
examination of the child revealed tears consistent with sexual penetration.  The child’s aunt testified as an “outcry
witness.”  Her testimony also partially
corroborated the child’s account of one of the uncharged sexual offenses.  The child’s mother, Tipton’s mother, and
Tipton’s sister also testified.  Two
inmates testified to admissions by Tipton regarding sexual contact with
children.  Another inmate was called by
the defense to rebut the admission testimony.

Admission
of Evidence

          Tipton
contends that the trial court erred in admitting evidence in the guilt-innocence
phase concerning other offenses committed by the defendant in violation of
Rules 401, 403, and 404(b) of the Texas Rules of Evidence.  Tipton testified in his own defense.  When asked by his defense counsel if the
sexual assault alleged by his daughter occurred, he stated, “No sir, I did not
do that.  I could never hurt my daughter
like that.”  Prior to its
cross-examination of the defendant, the State argued to the court that Tipton’s
statement “opened the door” to allow the prosecution to question Tipton about
an alleged sexual assault of a minor of which he was never convicted but which
was used to revoke his probation for another offense.  Defense counsel argued that Tipton’s
statement was limited to conduct towards his daughter.  The trial court allowed the prosecution to
cross-examine Tipton about the extraneous offense.

          The
State may be allowed to dispel a false impression left by the accused about his
past by introducing evidence of specific instances of bad conduct for which he
is not on trial, a subject which is usually irrelevant, collateral, and thus
inadmissible.  Theus v. State, 845 S.W.2d 874, 878 (Tex. Crim. App. 1992).  When the defendant in a sexual abuse case has
stated during direct examination that he has never molested anyone else, the
State is allowed to bring in rebuttal testimony of the defendant's extraneous
sexual offenses, including sexual abuse of other children besides the victim.  See Creekmore v. State, 860 S.W.2d 880, 892 (Tex. App.—San Antonio
1993, pet. ref’d).  Tipton, however, did not
testify to his conduct in general or his conduct regarding anyone other than
his daughter.  The State argues that the
inclusion of the words “I could never” makes the statement a blanket or
sweeping statement that creates a false impression of his character—that he is
a person incapable of molesting children. 
We disagree.  The State’s reading
ignores the specific predicate of Tipton’s sentence: “hurt my daughter
like that” (emphasis added).  The court
could therefore have allowed the prosecution to rebut Tipton’s testimony with
other instances of misconduct with his daughter (evidence of several such
incidents was introduced, not as rebuttal evidence but as evidence to show
prior relationship).  However, Tipton’s
testimony created no impression that he was incapable of such conduct generally
or had never committed similar acts upon other minors.  Thus the extraneous offense against a
different victim did not fall within the false impression exception.  Nor was the evidence relevant to prove a
material issue such as motive, opportunity, intent, preparation, plan,
knowledge, identity, or absence of mistake. 
Tex. R. Evid. 404(b).  The trial court abused its discretion in
admitting evidence that was probative only of Tipton’s character and propensity
to sexually assault children.

Harm Analysis

          Finding error, we must now determine
whether Tipton was harmed.  Error under
the rules of evidence in admitting evidence of extraneous offenses is
non-constitutional error governed by Rule of Appellate Procedure 44.2(b).  Tex.
R. App. P. 44.2(b); Johnson v. State, 967 S.W.2d 410, 417 (Tex.
Crim. App. 1998).  In conducting a harm analysis under Rule
44.2(b), we decide “whether the error had a substantial or injurious effect on
the jury verdict.”  Morales v. State,
32 S.W.3d 866, 867 (Tex. Crim. App.
2000).  The reviewing court should
“consider everything in the record, including any testimony or physical
evidence admitted for the jury’s consideration, the nature of the evidence
supporting the verdict, the character of the error and how it might be
considered in connection with other evidence in the case[,] . . . the jury
instruction given by the trial judge, the State’s theory and any defensive
theories, closing arguments, and voir dire if material to appellant’s
claim.  Id.

          The alleged victim testified that
Tipton sexually assaulted her as charged and that he sexually assaulted her on
other occasions.  Her testimony that she
had been sexually abused was corroborated by the pediatric nurse who examined
her.  Her testimony regarding one of the
other sexual assaults was partially corroborated by her aunt.  Two of her relatives testified to arguments
each had with Tipton over his insistence on sleeping in the same room as his
daughter.  One inmate testified that he
heard Tipton acknowledge sexually assaulting his daughter and a second inmate
testified, without objection, that Tipton boasted of having sex with minor
girls.  The trial court instructed the
jury not to consider evidence of offenses other than the offense alleged in the
indictment for any purpose other than determining the relationship of the
parties.  Unfortunately, the prosecution
referred to the extraneous offense in its closing argument.  After reviewing the record as a whole,
however, we conclude that the error probably did not influence the jury or had
only a slight influence on its verdict.  Bagheri
v. State, 119 S.W.3d 755, 763 (Tex. Crim. App.
2003).  Finding the error to be harmless, we
overrule this issue.

Ineffective Assistance of Counsel

          Tipton
argues that he was denied his right to effective assistance of counsel because
his trial counsel did not make an opening statement to the jury; failed to
present evidence during the punishment phase; failed to object to the trial
court’s exclusion of defensive evidence or make a record of the excluded
evidence; failed to object to the State’s opening statement; impliedly
suggested punishment of life during voir dire; made comments about the heinous
nature of the offense; and failed to ask the court for a limiting instruction
on extraneous offenses.

          To
establish a claim of ineffective assistance of counsel, the appellant must show
that counsel’s assistance fell below an objective standard of reasonableness
and that counsel’s deficient performance, if any, prejudiced the
defendant.  Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2063, 80 L.Ed.2d 674
(1984).  The review of defense counsel’s
representation is highly deferential and presumes that counsel’s actions fell within
a wide range of reasonable professional assistance.  Bone v.
State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).  When the record is silent as to defense
counsel’s subjective motivations, we will ordinarily presume that the
challenged action might be considered sound trial strategy.  Rylander
v. State, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003).

          There
is no record of trial counsel’s strategy or motivations for most of the actions
or inactions of which Tipton complains.  However,
trial counsel signed an affidavit attached to Tipton’s motion for new trial and
testified at the hearing concerning excluded defensive testimony and his
reasons for not attempting to offer certain testimony and mitigating evidence
during the punishment phase.  Tipton has
not overcome the presumption that counsel’s actions or inaction might be
considered sound trial strategy.  Stafford v.
State, 813 S.W.2d 503, 506
(Tex. Crim. App. 1991).  We overrule this
issue.

CONCLUSION

          Finding
error but no harm, we affirm the judgment.

 

 

 

BILL VANCE

Justice

 

Before Chief
Justice Gray,

Justice Vance,
and

Justice Reyna

Affirmed

Opinion
delivered and filed February 2,
 2005

Do not publish

[CRPM]