COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-04-518-CR

 

 

JEREMY LAMONT JACKSON                                                 APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

            FROM
THE 158TH DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

A jury convicted Appellant
Jeremy Lamont Jackson of murder, and the trial court sentenced him to
ninety-nine years= confinement
in the Institutional Division of the Texas Department of Criminal Justice.  Appellant brings three points on appeal,
challenging the trial court=s denial of his motion to testify free from impeachment by prior
convictions.  Because we hold that the
trial court did not err, we affirm the trial court=s judgment.








Appellant filed a pretrial
motion to testify free from impeachment by prior convictions.  The trial court denied Appellant=s motion, and Appellant elected not to testify rather than to be
subject to impeachment.  Appellant argues
that the trial court=s denial of
his motion unconstitutionally limited his right to present a defense and denied
him due process of law.  The State argues
that by failing to testify and failing to offer a bill of exceptions to show
the court what his testimony would have been, Appellant has forfeited his
complaint.  We agree.








As the State has pointed out,
to preserve a complaint about a trial court=s ruling on the admissibility of impeachment evidence, the defendant
must actually testify.[2]  The Luce court discussed the
difficulties inherent in addressing a complaint about the admissibility of
impeachment evidence in a case where the defendant did not testify,
specifically the reviewing court=s inability to weigh the probative value of the proffered impeachment
evidence against its prejudicial effect when there is no record of the
defendant=s testimony.[3]  Appellant argues that the trial court erred
by not conducting the balancing test set out in Theus v. State.[4]  That case is distinguishable because Theus
testified in his own defense, and the State impeached him with a prior felony
conviction.  We cannot agree with
Appellant that the threat of impeachment unconstitutionally prevented him from
testifying or from presenting a defense. 
We do not know what the testimony was or what defense he would have
presented, nor do we know how the State would have attempted to impeach him.

Because the record is
inadequate to support Appellant=s three points, we overrule them and affirm the trial court=s judgment.

 

 

LEE ANN DAUPHINOT

JUSTICE

 

PANEL B:   LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  April 13, 2006

 











[1]See Tex. R. App. P. 47.4.





[2]Jackson
v. State, 992 S.W.2d 469, 480 (Tex. Crim. App. 1999)
(citing Luce v. United States, 469 U.S. 38, 41-43, 105 S. Ct. 460,
463-64 (1984)).





[3]Luce, 469
U.S. at 41-43, 105 S. Ct. at 463-64.





[4]Theus
v. State, 845 S.W.2d 874, 880 (Tex. Crim. App. 1992).