Jeremy Lamont Jackson v. The State of Texas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-518-CR

JEREMY LAMONT JACKSON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 158TH DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

A jury convicted Appellant Jeremy Lamont Jackson of murder, and the trial court sentenced him to ninety-nine years’ confinement in the Institutional Division of the Texas Department of Criminal Justice.  Appellant brings three points on appeal, challenging the trial court’s denial of his motion to testify free from impeachment by prior convictions.  Because we hold that the trial court did not err, we affirm the trial court’s judgment.

Appellant filed a pretrial motion to testify free from impeachment by prior convictions.  The trial court denied Appellant’s motion, and Appellant elected not to testify rather than to be subject to impeachment.  Appellant argues that the trial court’s denial of his motion unconstitutionally limited his right to present a defense and denied him due process of law.  The State argues that by failing to testify and failing to offer a bill of exceptions to show the court what his testimony would have been, Appellant has forfeited his complaint.  We agree.

As the State has pointed out, to preserve a complaint about a trial court’s ruling on the admissibility of impeachment evidence, the defendant must actually testify.
(footnote: 2)  The 
Luce
 court discussed the difficulties inherent in addressing a complaint about the admissibility of impeachment evidence in a case where the defendant did not testify, specifically the reviewing court’s inability to weigh the probative value of the proffered impeachment evidence against its prejudicial effect when there is no record of the defendant’s testimony.
(footnote: 3)  Appellant argues that the trial court erred by not conducting the balancing test set out in 
Theus v. State
.
(footnote: 4)  That case is distinguishable because Theus testified in his own defense, and the State impeached him with a prior felony conviction.  We cannot agree with Appellant that the threat of impeachment unconstitutionally prevented him from testifying or from presenting a defense.  We do not know what the testimony was or what defense he would have presented, nor do we know how the State would have attempted to impeach him.

Because the record is inadequate to support Appellant’s three points, we overrule them and affirm the trial court’s judgment.

LEE ANN DAUPHINOT

JUSTICE

PANEL B: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  April 13, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Jackson v. State
, 992 S.W.2d 469, 480 (Tex. Crim. App. 1999) (citing 
Luce v. United States
, 469 U.S. 38, 41-43, 105 S. Ct. 460, 463-64 (1984)).

3:
Luce
, 469 U.S. at 41-43, 105 S. Ct. at 463-64.

4:
Theus v. State
, 845 S.W.2d 874, 880 (Tex. Crim. App. 1992).