02-11-364-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00364-CV

 

 


 
 
 Rosa Cortez
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 Zachary W. Wyche
 
 
  
 
 
 APPELLEE
 
 


 

 

----------

FROM THE 67th
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

I.  Introduction

          In
one issue, Appellant Rosa Cortez appeals the trial court’s judgment on the jury
verdict in favor of Appellee Zachary W. Wyche in this negligence case.  We
affirm.

II.  Factual
and Procedural Background

          On
January 18, 2009, Cortez was involved in a three-car accident with Wyche and
sued him for negligence.[2]

          At
the 2011 trial, Arlington Police Officer Blaine Smith testified that he was
dispatched to the scene of the accident at around 2:22 a.m. and that he
concluded from his investigation that Wyche was following Cortez too closely
and struck her from behind, causing her to cross into oncoming traffic and strike
a third vehicle head-on.  During cross-examination, Officer Smith agreed that
he finished the six-month-long police academy in September 2008, that accident
reconstruction was only touched on in his training, and that he had been on his
own without a field training officer for only thirty to sixty days before the
accident.  Officer Smith stated that there was no dedicated left-turn lane or
signal light where the accident occurred.  His report indicated that Cortez had
alcohol in her vehicle.

          Cortez
testified that she had only consumed a “sip” of beer while out with two friends
at the Hi-Ho Club on the night of the accident but that one of her friends had
been drinking beer in her car’s backseat.  As Cortez attempted to turn left into
an apartment complex and yielded to oncoming traffic, with her car’s headlights
and left-turn signal “on,” Wyche’s vehicle struck her car from behind and
pushed it into oncoming traffic.  Cortez stated that during the accident, “all
that beer just flew everywhere, and it got on me.”  After the accident, her backseat
passenger told her to throw the beer away, but Cortez said that she did not
recall whether she had thrown the bottle from her car or if her passenger had
done it.

          Cortez
said that the first impact was from behind, by the vehicle driven by Wyche, and
the second impact was to the front of her vehicle.  She heard the squealing of
tires before the impact to her vehicle’s rear.  Cortez said that she had been
at a complete stop for a couple of seconds when Wyche hit her because there
were cars coming from the other direction, preventing her from making a left
turn.  Upon further questioning, Cortez admitted that she was unsure as to
exactly how long she was at a complete stop.

          During
trial, Cortez agreed that there was no dedicated light or turn signal where the
accident occurred, but she admitted that in a sworn interrogatory answer, she had
said that she was stopped at a red light when Wyche hit her vehicle, and she agreed
that this interrogatory answer was incorrect.  She also agreed that although
she had answered another interrogatory by saying that she had not consumed any
alcohol that evening, this answer was incorrect because she had had a sip of
beer that evening.

          Before
Wyche testified, Cortez’s counsel sought to introduce Wyche’s three April 9,
2003 felony convictions, arguing that these had bearing on Wyche’s
credibility.  The three convictions arose from two offenses committed on August
17, 2002—theft of a vehicle and evading arrest or detention using a vehicle—and
another evading arrest or detention using a vehicle offense committed on August
24, 2002.  The trial court told Cortez’s counsel that he should approach the
bench before mentioning the convictions for a determination of their probative
value because the trial court was concerned about their potential to inflame
the jury.

          Wyche
testified that he was driving home from his cousin’s house when he topped a
hill and noticed a black vehicle that was stopped without its lights on.  He
first became aware of the vehicle when he was approximately fifty feet away,
while driving between thirty to thirty-five miles per hour, and began to apply
his brakes “almost instantly.”  Although he had said in his deposition that he
was speeding, Wyche explained that he had meant to say that he was accelerating
to make it up the hill because his van had a lot of heavy stuff on it.  Wyche
said that he checked his side mirror but was prevented from changing lanes by
an approaching truck; his van skidded into the right rear side of Cortez’s car.

          Wyche
testified that when he exited his van, he noticed a third vehicle “a good car
length” away from Cortez’s car; his van was twenty to twenty-five feet away
from Cortez’s car.  Wyche said that he did not see or hear Cortez’s car hit the
third vehicle.  He disagreed with Officer Smith’s report that Wyche hit Cortez
first, and he said that although he was confused at first, he believed that the
head-on collision between Cortez’s vehicle and the third vehicle happened first,
before he hit Cortez’s vehicle, which would explain why Cortez’s lights were
off.

          During
questioning by Cortez’s counsel, Wyche testified as follows regarding which
vehicle he thought he had hit:

Q.  Now, did you tell the police
officers that you had seen Ms. Cortez’s vehicle earlier before the accident?

A.  No. I—I told them that I was
confused as to what had happened because when I initially got on Park Row, there
was a little car who was riding my tail and when I took—we both took the turn,
I took it in front of him and he sped past me.  And I was thinking maybe that
was the car, but then I realized later on that it wasn’t the car—the same car.

. . . .

Q.  And so you told the police—or did
you tell the police that that was the vehicle that you hit that—the vehicle
that had previously passed you?

A.  I said I wasn’t sure.  I told the
police I wasn’t sure if that was the same vehicle, but some vehicle had sped
around me going—driving recklessly basically.

Q.  What was the last thing you said?

A.  Driving recklessly basically [be]cause
I was trying to get the point across to the police.

Q.  All right. So—but at the time that
you were talking to the police, did you still think—did you think that that was
the vehicle that you hit?

A.  I wasn’t sure.

Q.  But did you tell the police—did
you tell the police that you thought that was the vehicle that you hit?

A.  Probably.

Q.  And at the time of your deposition—well,
as we sit here today, do you believe that Ms. Cortez’s vehicle is the vehicle
that passed you on Park Row prior to the time the accident occurred?

A.  No.

Q.  At the time you gave your
deposition in June of 2010, did you think that Ms. Cortez’s vehicle was the vehicle
that had passed you?

A.  No, I don’t think so.

          Wyche
admitted that at his deposition, he had said that he thought the vehicle he had
struck had gotten off the freeway behind him and that he had also said at his
deposition that he was just guessing.  At trial, Wyche explained that “obviously,
it wasn’t the same car once I saw what kind of car it was.  Because the car
that passed me was a little—was a little racer car, and [Cortez’s] car was a
regular sedan.”  He acknowledged that he was confused when he spoke with police
at the scene.

          Outside
the jury’s presence, Cortez’s counsel again asked the trial court to allow him
to ask Wyche about his felony convictions for impeachment purposes.  The trial
court considered and discussed the issue of admissibility at length, asking
Cortez’s counsel if it was in the police report that Wyche told the police that
Cortez’s vehicle had passed him recklessly before the accident, to which her
counsel replied that it was not.  The trial court confirmed with both parties’
counsel that the police report said that Wyche caused the accident.

          The
trial court then opined that Wyche had admitted at trial that he had been
mistaken in his assumption that the small black car that passed him prior to
the accident was the same one he had hit and that he had been confused about
whether that was the car involved in the accident.  The trial court also noted
the possibilities:  that Wyche did not relay this information to the police,
that the police did not hear him, or that, for some other reason, the police
report did not contain this information in finding Wyche at fault.  The trial
court then concluded that the prejudicial value of the criminal convictions far
outweighed their probative value and excluded them from evidence.

          Wyche
subsequently testified before the jury that a citation was issued to him for
following too closely and that he pleaded guilty to that citation, although he said
that he did not believe that he was at fault for the accident.  Wyche stated
that he thought he had acted as a reasonably prudent person in attempting to
avoid the accident and that he had used ordinary care, which was why he felt
that he was not at fault.  He also explained that the police arrived very
quickly and that there was already a crowd of people on the scene when he
exited the van.

          The
jury returned a take-nothing verdict in favor of Wyche, the trial court entered
judgment on the verdict, and this appeal followed.

III. 
Exclusion of Evidence

          In
her sole issue, Cortez claims that the trial court erred by excluding Wyche’s
three prior felony convictions.

A. 
Standard of Review and Applicable Law

          We
review a trial court’s decision to exclude evidence for an abuse of
discretion.  See Serv. Corp. Int’l v. Guerra, 348 S.W.3d 221, 235
(Tex. 2011); In re J.P.B., 180 S.W.3d 570, 575 (Tex. 2005); Sprabary
v. Goodman Networks, Inc., No. 02-10-00200-CV, 2011 WL 856969, at *2 (Tex.
App.—Fort Worth Mar. 10, 2011, no pet.) (mem. op.).  An appellate court must
uphold the trial court’s evidentiary ruling if there is any legitimate basis in
the record for the ruling.  Owens-Corning Fiberglas Corp. v. Malone, 972
S.W.2d 35, 43 (Tex. 1998).

          To
determine whether a trial court abused its discretion, we must decide whether
the trial court acted without reference to any guiding rules or principles; in
other words, we must decide whether the act was arbitrary or unreasonable.  Low
v. Henry, 221 S.W.3d 609, 614 (Tex. 2007); Cire v. Cummings, 134
S.W.3d 835, 838–39 (Tex. 2004).  An appellate court cannot conclude that a
trial court abused its discretion merely because the appellate court would have
ruled differently in the same circumstances.  E.I. du Pont de Nemours &
Co. v. Robinson, 923 S.W.2d 549, 558 (Tex. 1995); see also Low, 221
S.W.3d at 620.

          Rule
of evidence 609(a), which governs impeachment by evidence of conviction of a
crime, states,

For the purpose of attacking the credibility of a witness,
evidence that the witness has been convicted of a crime shall be admitted if
elicited from the witness or established by public record but only if the crime
was a felony or involved moral turpitude, regardless of punishment, and the
court determines that the probative value of admitting this evidence outweighs
its prejudicial effect to a party.

Tex.
R. Evid. 609(a) (emphasis added).  In reviewing the trial court’s decision to
admit or exclude a prior conviction into evidence, we must accord the trial
court wide discretion.  K.H. v. Doe, No. 14-07-00603-CV, 2008 WL 4917976,
at *1 (Tex. App.—Houston [14th Dist.] Nov. 18, 2008, pet. denied) (mem. op.)
(citing Theus v. State, 845 S.W.2d 874, 881 (Tex. Crim. App. 1992)); Ortiz
v. Furr’s Supermarkets, 26 S.W.3d 646, 655 (Tex. App.—El Paso 2000, no
pet.) (same); see also Quentin Brogdon, Admissibility of Criminal
Convictions in Civil Cases, 61 Tex. B.J. 1112, 1114–15 (1998) (stating that
rule 609 provides that the trial court must always balance the probative value
of evidence of the conviction against its prejudicial effect and discussing
application of factors discussed in Theus to civil cases).

          In
Theus, the court of criminal appeals set out a nonexclusive list of
factors to be considered in weighing the probative value of a conviction
against its prejudicial effect under rule 609(a), including:  (1) the
impeachment value of the prior crime; (2) the temporal proximity of the past
crime relative to the charged offense and the witness’s subsequent history; (3)
the similarity between the past crime and the offense being prosecuted; (4) the
importance of the defendant’s testimony; and (5) the importance of the
credibility issue.  Theus, 845 S.W.2d at 880 (citing United States v.
Mahone, 537 F.2d 922, 929 (7th Cir.), cert. denied, 429 U.S. 1025
(1976)).  The court stated that the application of these factors to a
particular case cannot be performed with mathematical precision, and it set out
some guidelines to help perform the balancing exercise required by rule 609(a). 
Id.

          The
court stated that with regard to the weight given to the first factor, if the
crime involves deception, it has a higher impeachment value.  Id. at
881; Brogdon, 61 Tex. B.J. at 1114.  The second weighs in favor of admission if
the past crime is recent and the witness has shown a “propensity for running
afoul of the law.”  Theus, 845 S.W.2d at 881.  With regard to the third
factor, however, in a criminal case, if the past crime and charged crime are
similar, this weighs against admission because the jury would convict on the
perception of a past pattern of conduct; “[b]y analogy, in a civil case, if
conduct is in issue that is similar to a past crime, then the third factor
should weigh against admission.”  Brogdon, 61 Tex. B.J. at 1114; see Theus,
845 S.W.2d at 881.  As to the intertwined last factors, “in a civil case, as
the importance of a particular witness’s testimony and credibility increases,
so does the need to allow impeachment of that witness with evidence of a
criminal conviction.”  Brogdon, 61 Tex. B.J. at 1115.

B.  Analysis

          With
regard to the first factor, in the case before us, Wyche was convicted of theft—a
crime involving moral turpitude—and evading arrest.  See Uranga v. State,
247 S.W.3d 375, 380 n.7 (Tex. App.—Texarkana 2008) (“[T]heft is a crime of
moral turpitude.”), aff’d, 330 S.W.3d 301 (Tex. Crim. App. 2010).  But
these crimes were not particularly recent:  Wyche committed them in 2002 and
was convicted of them in 2003.  Further, the issue of Wyche’s use of ordinary
care in relation to the 2009 accident and Wyche’s confusion or possible dishonesty
about which vehicle he saw pass him are not similar in nature to the 2003
offenses for which he was convicted.  Finally, although the parties were the
only eye-witnesses and their credibility was an issue in the case, this was not
a strictly “he said-she said” case as the investigating officer testified about
his accident investigation, and his report finding Wyche at fault was entered
into evidence.

          The
trial court discussed the issue of admissibility at length with both parties’ counsel,
and it is undisputed that it performed a balancing test, taking into account
the arguments of counsel and the circumstances of this case.  Therefore, based
on our review of the case and the Theus factors, we cannot say that the
trial court abused its discretion by finding the evidence more prejudicial than
probative and excluding the evidence.  Cf. Howard v. Tarrant Cnty., No.
02-10-00277-CV, 2012 WL 858590, at *1, 3–4 (Tex. App.—Fort Worth Mar. 15, 2012,
no pet. h.) (mem. op.) (holding that the trial court did not abuse its
discretion by admitting appellant’s eight prior felony convictions for robbery
into evidence under rule 609 in appellant’s personal injury suit against the
county for injuries he allegedly sustained as he was transported from one jail
to another when, among other things, appellant did not argue at trial or on
appeal that the prejudicial effect of his convictions outweighed their
probative value).  Therefore, we overrule Cortez’s sole issue.

IV. 
Conclusion

          Having
overruled Cortez’s sole issue, we affirm the trial court’s judgment.

 

 

PER CURIAM

 

PANEL: 
MCCOY, WALKER,
and GABRIEL, JJ.

 

DELIVERED:  May 3, 2012









[1]See Tex. R. App. P. 47.4.





[2]Wyche drove a white van,
and Cortez drove a black Chrysler Sebring.  The driver of the other vehicle, a
black Pontiac G6, was not a party to the suit.