NO. 07-01-0290-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 27, 2003

_____

JONATHAN DEWAYNE NELSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 85TH DISTRICT COURT OF BRAZOS COUNTY;

NO. 28,214-85; HONORABLE J. D. LANGLEY, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Following a plea of not guilty, appellant Jonathan Dewayne Nelson was convicted by a jury of capital murder and punishment was assessed by the trial court at confinement for life.  Presenting a sole issue, appellant contends the trial court abused its discretion

in overruling his request to impeach a State's witness with his prior criminal record. Based upon the rationale expressed herein, we affirm.

Appellant was indicted for causing the death of his girlfriend while in the course of committing and attempting to commit burglary of a habitation. The State's key witness, Steven Johnson, testified about the confrontation between appellant and the victim which ultimately resulted in her death. During the State's direct examination of Johnson, the prosecutor inquired as follows:

> Q. Now, Mr. Johnson, have you ever been in trouble with the law before?
> A. Yes.
> Q. Juvenile problems?
> A. Yes.
> Q. You haven't been convicted of an adult felony, have you?
> A. No.
> Q. Or a misdemeanor of what we call moral turpitude?
> A. No.
>
> * * *

During cross-examination, defense counsel asked, "[the prosecutor] asked you a question of if you've have [sic] some trouble with the law; correct"? After the witness answered affirmatively, defense counsel engaged in a bench conference and contended the prosecutor had opened the door to questions regarding trouble with the law. He requested permission to question Johnson about prior arrests. The trial court denied the

2

request but allowed defense counsel to make a bill of exception. During the offer of proof, appellant admitted to five prior arrests, including one for possession of less than two ounces of marihuana as an adult. The trial court sustained the State's objection to the proffered testimony reasoning that if the witness had denied being in trouble with the law, it would have considered admission of the arrests.

By his sole issue, appellant argues the trial court abused its discretion in denying his request to impeach Johnson with his prior criminal record. We disagree. Rule 609(a) of the Texas Rules of Evidence provides that the credibility of a witness may be attacked by prior criminal convictions for felonies or crimes involving moral turpitude. An exception to Rule 609(a), on which appellant relies, applies when a witness makes statements concerning his past conduct which create a false impression of law abiding behavior. Delk v. State, 855 S.W.2d 700, 704 (Tex.Cr.App. 1993), *cert. denied*, 510 U.S. 982, 114 S.Ct. 481, 126 L.Ed.2d 432 (1993). In that situation, the witness "opens the door" on his otherwise irrelevant criminal history for exposure of the falsehood by opposing counsel. *Id.*

Specifically, appellant argues Johnson opened the door to his prior arrests by creating a false impression that his only trouble with the law was as a juvenile when his arrest for possession of marihuana occurred as an adult. A witness's response to a question cannot be examined in a vacuum. Prescott v. State, 744 S.W.2d 128, 131

3

(Tex.Cr.App. 1988). Rather, the context of the entire colloquy must be reviewed to determine whether the door was opened. *Delk*, 855 S.W.2d at 704.

Johnson denied being convicted of an *adult felony* when asked by the prosecutor. (Emphasis added). The question broadened the scope of direct examination beyond his juvenile criminal history. Furthermore, his arrest for possession of less than two ounces of marihuana is a Class B misdemeanor. Tex. Health & Safety Code Ann. § 481.121(b)(1) (Vernon 2003). Read in context, Johnson's testimony did not create a false impression that his only trouble with the law was as a juvenile. Also, because his response that he had never been convicted of an adult felony was not false, he did not open the door to impeachment by his prior arrests. Theus v. State, 845 S.W.2d 874, 878-79 (Tex.Cr.App. 1992); *see also* Bell v. State, 620 S.W.2d 116, 125 (Tex.Cr.App. 1981) (on reh'g) (noting that mere arrests or charges of offenses are generally inadmissible for impeachment). We conclude the trial court did not abuse its discretion in denying appellant's request to impeach Johnson with his prior arrests. His sole issue is overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.

4