Opinion issued December 1, 2006











In The

Court of Appeals

For The

First District of Texas






NO. 01-05-00363-CR






EDWARD BURKS, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 232nd District Court

Harris County, Texas

Trial Court Cause No. 993071






MEMORANDUM OPINION

 Appellant Edward Burks was convicted by a jury of attempted burglary of a
habitation. See Tex. Pen. Code Ann. §§ 15.01(a), 30.02 (Vernon 2003). The trial
court assessed punishment at nine-years imprisonment. Appellant brings two issues,
contending that the overruling of his motion to suppress and introduction of evidence
of a prior conviction were erroneous. (1) We affirm.

Background


 The complainant reported to Houston Police Department Officer C.E. Ponder
that a man attempted to enter the complainant's home from the second-floor-balcony
bedroom door. Complainant described the suspect as a black man around 6 feet, 1
inch tall, who was wearing a white baseball cap, white shirt, and khaki pants. Officer
Ponder relayed this description to Officer A.B. Duncan, who, like Officer Ponder,
was working off-duty providing neighborhood security.

 Officer Duncan searched the area in his neighborhood, which was near the
neighborhood where Officer Ponder worked. Office Duncan saw appellant walking
down a street wearing shorts and a shirt bearing the "24-Hour Fitness" gym logo and
carrying a 24-Hour Fitness towel and plastic bag. Officer Duncan recognized that
appellant fit the physical description of the suspect, but was not wearing the clothing
described by Officer Ponder. Officer Duncan, however, became suspicious when he
saw appellant looking back at the neighborhood security vehicle Officer Duncan was
driving. Based on appellant's behavior, Officer Duncan turned around and
approached appellant.

 Appellant told Officer Duncan that he had just come from working out at the
24-Hour Fitness gym in the area and was on his way to a friend's house. When asked,
appellant could not produce his gym workout card and did not know where his
friend's home was. Officer Duncan noticed that appellant seemed nervous and saw
through the semi-clear bag in appellant's possession clothes that appeared to match
those described by the complainant. Officer Duncan handcuffed appellant, put him
in the back of the security vehicle, and told appellant that he was being taken to the
complainant's home for identification. At trial, Officer Duncan explained that
appellant was handcuffed only because the neighborhood security vehicle did not
have a "cage," not because appellant was under arrest.

 The complainant positively identified appellant as the man he had seen earlier
attempting to enter his home. Appellant was then arrested and his bag searched. 
Inside the bag, the officers found clothing matching the description from the
complainant, a receipt from 24-Hour Fitness for the purchase of all the clothes
appellant was wearing, and other items.



Discussion

 In issue one, appellant contends the trial court abused its discretion in
overruling his motion to suppress the evidence that was found as a result of his
warrantless arrest. When reviewing a motion to suppress, the appellate court must
give great deference to the trial court's findings of facts. Guzman v. State, 955
S.W.2d 85, 89 (Tex. Crim. App. 1997). Mixed questions of law and fact that do not
turn on an evaluation of a witness's credibility and demeanor are reviewed de novo. 
Id. The appellate court should sustain the trial court's ruling admitting the evidence
if the ruling is reasonably supported by the record and correct on any theory of law
applicable to the case. Willover v. State, 70 S.W.3d 841, 845 (Tex. Crim. App. 2002).

 Appellant argues that Officer Duncan did not have probable cause to arrest
him. We disagree. At the time Officer Duncan saw through the semi-clear bag in
appellant's possession clothes that appeared to match those described by the
complainant, appellant was not in custody, but rather the subject of an encounter. See
Francis v. State, 896 S.W.2d 406, 408 (Tex. App.--Houston [1st Dist.] 1995), pet.
dism'd per curiam, 922 S.W.2d 176, 177 (Tex. Crim. App. 1996). A police officer
does not need any justification whatsoever to approach an individual and ask
questions. Id., 896 S.W.2d at 408-09. When Officer Duncan initially spoke with
appellant, Officer Duncan did not handcuff appellant, did not read him his rights,
impede his travel, or tell him he was not free to leave.

 Based on the observations from his encounter with appellant, Officer Duncan
transported appellant a short distance so the complainant could identify him. We hold
that the facts from the encounter establish sufficient reasonable suspicion to support
Officer Duncan's temporary detention of appellant. See id. at 409. Although
appellant was handcuffed while Officer Duncan took him to the complainant's house,
the Court of Criminal Appeals has recognized that handcuffing a defendant does not
always convert a detention into an arrest. Rhodes v. State, 945 S.W.2d 115, 117-18
(Tex. Crim. App. 1997). Judging from the perspective of a reasonable officer at the
scene, we hold it was reasonable for Office Duncan to protect himself by handcuffing
appellant during transport because Officer Duncan's security vehicle did not have a
safety "cage." See id. at 118 & n.2.

 Based on the cumulative evidence from the encounter and complainant's
positive identification of appellant, we hold that appellant's eventual arrest was
supported by probable cause. The trial court did not abuse its discretion in overruling
appellant's motion to suppress the evidence that was found as a result of his
warrantless arrest. We overrule issue one.

 In issue two, appellant contends the trial court abused its discretion in
permitting the State to impeach appellant with a prior theft conviction. Texas Rule
of Evidence 609 allows a witness to be impeached by introducing a prior conviction
of a crime that was a felony or involved moral turpitude if the trial court determines
that the probative value of the conviction supported by specific facts and
circumstances substantially outweighs its prejudicial effect. Appellant contends the
trial court erred in admitting the impeachment evidence of the prior theft conviction.

 The Court of Criminal Appeals has set out five factors for courts to consider
in determining under Rule 609 whether a prior conviction's probative value
outweighs its prejudicial effect: (1) the impeachment value of the prior crime; (2) the
temporal proximity of the past crime relative to the charged offense and the witness's
subsequent history; (3) the similarity between the past crime and the offense being
prosecuted; (4) the importance of the defendant's testimony; and (5) the importance
of the credibility issue. Theus v. State, 845 S.W.2d 874, 880 (Tex. Crim. App. 1992). 
At the Theus hearing in the trial court, appellant argued factor 2, temporal proximity,
factor 3, similarity, and factor 4, importance of the defendant's testimony.

 Appellant concedes that his 1992 theft conviction leans weakly in favor of
admissibility even without evidence of any other convictions. Appellant next argues
that the offences of theft and attempted burglary are similar. We agree. This factor
militates against admission, because the jury might "convict on the perception of a
past pattern of conduct, instead of on the facts of the charged offense." Id. at 881. 
Appellant concedes that the importance of his testimony was high as there were no
witnesses for appellant other than himself. This factor leans in favor of admissibility. 
Instead, appellant argues for the first time that factor 4, credibility, is not an issue for
the State as the complainant "was either correct or not in his identification regardless
of appellant's testimony." We disagree that appellant's credibility was not an issue. 
This factor therefore leans in favor of admissibility.

 Of the five Theus factors, we conclude that only factor 3, the similarity between
the past crime and the offense being prosecuted, leans against admission of the prior
theft conviction. In Theus, the Court of Criminal Appeals determined that the
appellate court must accord the trial court wide discretion in weighing the factors and
deciding whether to admit the impeachment evidence. Id. The appellate court should
reverse only on a showing of a clear abuse of discretion. Id. Accordingly, we
conclude the trial did not abuse its discretion and overrule issue two.Conclusion

 We affirm the judgment of conviction.

 


 Sam Nuchia

 Justice


Panel consists of Justices Nuchia, Jennings, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).
1. Appellant himself filed a pro se brief in addition to the brief filed by
appellant's lawyer. Appellant does not have a right to hybrid representation on
appeal, and we decline to address his pro se brief. See Landers v. State, 550 S.W.2d
272, 280 (Tex. Crim. App. 1977).