# CONCURRING OPINION

No. 04-12-00260-CR

Carlos **MIRELES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2010-CR-9900
Honorable Maria Teresa Herr, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice
Concurring Opinion by:  Rebeca C. Martinez, Justice

Sitting:       Catherine Stone, Chief Justice
               Sandee Bryan Marion, Justice
               Rebeca C. Martinez, Justice

Delivered and Filed:  March 27, 2013

I concur in the judgment, but write separately with regard to the admission of Mireles'

two prior felony convictions.  I believe the trial court erred in finding that the probative value of

the 10-year old prior drug convictions outweighed their prejudicial effect, and thus abused its

discretion in admitting evidence of the prior convictions.  *See* TEX. R. EVID. 609(a).  However,

because I also believe that Mireles failed to prove that his substantial rights were impaired by the

admission of this evidence, I concur in the result reached by the majority on this issue.

In considering whether the trial court abused its discretion in admitting the evidence, we

are guided by the Court of Criminal Appeals' opinion in *Theus v. State*, 845 S.W.2d 874, 880

(Tex. Crim. App. 1992), in which it listed four non-exclusive factors to be considered by courts

in weighing the probative value of a prior conviction against its prejudicial effect under Rule

609(a).  The factors include: (1) the impeachment value of the prior crime; (2) the temporal

proximity of the past crime relative to the charged offense and the defendant's subsequent history; (3) the similarity between the past crime and the charged offense; (4) the importance of the defendant's testimony; and (5) the importance of the defendant's credibility. *Id.*

I disagree with the majority's analysis of factors four and five under *Theus.* The majority concludes that both factors weigh in favor of admitting the prior convictions because this case boiled down to a "he said-she said" situation which escalated the importance of Mireles' credibility and testimony, and in turn increased the State's need to impeach his credibility. The record shows that Mireles had a two-fold defense at trial. Mireles testified in his own defense and denied ever abusing the child. He also presented alibi evidence through his ex-girlfriend who testified that she "always" spent the night with Mireles during the year 2004, even if they stayed at his mother's house where the alleged sexual abuse occurred. She testified Mireles "never" spent a night at his mother's house alone with the child complainant during the year 2004; the allegations were that the sexual abuse occurred at Mireles' mother's house at night in June and July 2004. The testimony of Mireles' mother and sister provided some corroboration of this alibi defense; they both stated that the child complainant was never alone with Mireles at night at his mother's house because Mireles was hardly around when the child was visiting, and Mireles' mother made sure the child slept in her room. Therefore, "the nature of [Mireles'] defense and the means available to prove that defense" did not depend entirely on Mireles' own testimony as it would in a pure "he said-she said" situation. *See id.* at 881. The existence of alibi testimony from three witnesses lessens the importance of Mireles' testimony and credibility (*Theus* factors four and five), and, in turn, lessens the State's need to impeach him. *See id.* (noting that when a defendant presents an alibi defense based on other witnesses his credibility is

not likely to be a critical issue). I believe that *Theus* factors four and five therefore weigh less strongly in favor of admitting the prior convictions than stated by the majority.

In addition, as *Theus* notes, the determination of whether the probative value of the challenged evidence outweighs its prejudicial effect is not merely a matter of tallying up the five factors. *Id.* at 881–82. The majority concludes that the low impeachment value of the prior crimes and the 10-year time lapse weigh against their admission, but finds no error because the other three factors in favor of admission outweigh these two factors. I believe the impeachment value of Mireles' 10-year old drug convictions was very slight given that drug possession convictions are not crimes of deception or violence and have minimal relevance to a defendant's credibility apart from merely showing bad character. Similar to *Theus*, I believe the minimal impeachment value, combined with the significant lapse of time between the prior convictions and the instant offense, overrides the other three factors in favor of admission. *See id.* (four of the five factors favored admission, but the court concluded the lack of impeachment value overrode the other four factors). Because the record shows that the weak probative value of the prior convictions failed to "outweigh" their prejudicial effect, I would hold that the trial court abused its discretion in admitting the prior convictions under Rule 609(a).

I would also hold, however, that in view of the record as a whole, particularly the child complainant's detailed and consistent testimony which alone is sufficient to support the conviction, the error in admitting the prior convictions did not affect Mireles' substantial rights and was therefore was harmless. *See* TEX. R. APP. P. 44.2(b); *see also* TEX. CODE CRIM. PROC. ANN. art. 38.07(a) (West Supp. 2012) (uncorroborated testimony of child victim is sufficient to support aggravated sexual assault conviction). The record shows that after a hearing outside the jury's presence, the court ruled the two prior convictions pled as enhancements in the indictment

could be inquired into during guilt-innocence.  When Mireles began testifying, his own counsel initially raised the prior convictions.  On cross-examination, the prosecutor briefly inquired into the two drug convictions.  The State did not refer to Mireles' prior convictions during its closing arguments, but defense counsel did refer to them in his closing argument.  While I believe the trial court abused its discretion in admitting the evidence of the prior convictions, Mireles has failed to demonstrate that he was harmed by the error.  I therefore concur in the affirmance of the trial court's judgment.

Rebeca C. Martinez, Justice

Publish