

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00879-CR

Richard **CASAREZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2018CR2561
Honorable Lorina I. Rummel, Judge Presiding

Opinion by:     Liza A. Rodriguez, Justice

Sitting:          Rebeca C. Martinez, Justice
                  Beth Watkins, Justice
                  Liza A. Rodriguez, Justice

Delivered and Filed: June 19, 2019

AFFIRMED

Richard Casarez appeals his conviction for robbery. In his sole issue, Casarez asserts the trial court erred in admitting evidence of his prior felony convictions for impeachment purposes. We affirm the trial court's judgment.

### BACKGROUND

The indictment charged Casarez with robbery by alleging that, "while in the course of committing theft of property and with intent to obtain and maintain control of said property, [he] did intentionally and knowingly threaten and place Melanie Martin in fear of imminent bodily

injury and death." *See* TEX. PENAL CODE ANN. § 29.02(a)(2). Casarez pled not guilty and proceeded to trial before a jury. During trial, Martin testified she was the assistant manager of Fallas, a discount retail store. On or about December 19, 2017, she observed Casarez enter the store and hide several items inside his large jacket. Martin approached Casarez and told him to put the items back and leave the store. Casarez initially waved her off, but Martin tugged on his sleeve and he turned to her. Casarez opened up his jacket to display what Martin believed to be the butt of a black handgun tucked into the waistband of his pants. Martin stepped back and yelled at him to leave the store. Casarez walked out of the store, grabbed an armful of sweaters from a sidewalk rack as he passed, and entered a waiting vehicle. Martin was able to take a photograph of the license plate before he fled.

San Antonio Police Officer Esteban Herrera testified that after speaking with Martin he put the license plate number out over the radio and entered it into the system to obtain a registration address for the vehicle. Officer Chase Meneley testified he drove to the registered owner's address and located the suspect vehicle nearby with Casarez inside. The merchandise removed from the store was found inside the vehicle, along with a black toy handgun.

Casarez testified and admitted he entered the store to steal some toys to give his stepson for Christmas. He also conceded taking the sweaters from the sidewalk rack before he got into his car and drove away. But, Casarez denied having a gun or threatening Martin with a gun. The jury found Casarez guilty as charged in the indictment. Casarez pled true to being a repeat offender and was sentenced to 15 years in prison. Casarez appealed.

**ANALYSIS**

On appeal, Casarez argues the trial court abused its discretion by permitting the State to impeach him with two prior robbery convictions. The record shows that after the State rested and defense counsel indicated Casarez would take the stand, the prosecutor informed the trial court

that he intended to use two prior robbery convictions to impeach Casarez. Defense counsel objected "under relevance and the prejudicial effect, which outweighs the probative value of [the convictions]." The trial court noted that a defendant can be impeached with his prior felony convictions. *See* TEX. R. EVID. 609. In evaluating the admissibility of the convictions, the trial court first considered the nature and age of the prior robbery convictions, finding they were less than ten years old. *See* TEX. R. EVID. 609(b). The court then stated that it had conducted a balancing test and found "the probative value is not substantially outweighed by the danger of unfair prejudice."[1] The court ruled the State would be allowed to impeach Casarez with the prior convictions and gave Casarez time to consult with his attorney in light of the ruling. During its cross-examination of Casarez, the State impeached him with the two prior robbery convictions; he admitted committing the offenses and serving the prison terms.

Casarez contends the trial court failed to conduct "a valid balancing test" under Rule 609(a) before admitting evidence of the convictions. *See* TEX. R. EVID. 609(a). Rule 609(a) provides in relevant part, "[e]vidence of a criminal conviction offered to attack a witness's character for truthfulness must be admitted if: (1) the crime was a felony . . . regardless of punishment; (2) the probative value of the evidence outweighs its prejudicial effect to a party; and (3) it is elicited from the witness or established by public record." TEX. R. EVID. 609(a). Casarez asserts the trial court was required to weigh the probative value of the prior convictions against their prejudicial effect under Rule 609(a)(2) by considering the following non-exclusive factors: (1) the impeachment value of the prior crime, (2) the temporal proximity of the past crime relative to the charged offense and the defendant's subsequent history, (3) the similarity between the past crime and the charged

---

[1] The trial court referred to the balancing test as a "Rule 403 balancing test." TEX. R. EVID. 403. Both Rule 403 and Rule 609(a) require the trial court to weigh the probative value of the proffered evidence against its prejudicial effect in determining whether it is admissible. *C.f.*, TEX. R. EVID. 403, *with* TEX. R. EVID. 609(a)(2).

offense, (4) the importance of the defendant's testimony, and (5) the importance of the defendant's credibility. *See Theus v. State*, 845 S.W.2d 874, 880 (Tex. Crim. App. 1992); *see also Dale v. State*, 90 S.W.3d 826, 830 (Tex. App.—San Antonio 2002, pet. ref'd) (court considers the *Theus* factors when determining whether the probative value of a defendant's previous conviction outweighs its prejudicial effect). Casarez argues that, because the trial court made its ruling before he testified, it could not have considered the fourth and fifth factors and thus he was deprived of a "meaningful balancing test."

The State responds that Casarez failed to preserve error because his appellate issue does not comport with his trial objection. We agree. Casarez's complaint on appeal is not that, in view of the *Theus* factors, the trial court erred in overruling his objection and admitting the prior convictions. Rather, Casarez complains that the trial court conducted the balancing test, and ruled on his objection, prematurely. However, after the trial court announced it had conducted the balancing test weighing the probative value against the prejudicial effect and found the convictions admissible, Casarez did not object that the ruling was premature because he had not yet presented his testimony – which is the argument he raises on appeal. Casarez did not raise any further objection or request the trial court to reconsider its ruling after his direct testimony, prior to the State's cross-examination. The trial court had no opportunity to cure the purported error because it was not informed of Casarez's complaint that all the *Theus* factors could not be fully considered before he testified, i.e., at the time of his objection. An issue on appeal must comport with the objection made at trial. *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012). Because his appellate issue does not match his trial objection, Casarez failed to preserve the issue for appellate review. TEX. R. APP. P. 33.1(a)(1)(A).

Moreover, even if the issue was preserved, Casarez cites no authority in support of his contention that the Rule 609(a) balancing test cannot be conducted prior to a defendant's

testimony. *See* TEX. R. APP. P. 38.1(i). Casarez also does not state how he was harmed by the trial court's alleged error. *See* TEX. R. APP. P. 44.2.

Accordingly, we affirm the trial court's judgment.

Liza A. Rodriguez, Justice

DO NOT PUBLISH