# Court of Appeals
## Tenth Appellate District of Texas

---

10-24-00171-CR

---

Dustin Lee Miller,
Appellant

v.

The State of Texas,
Appellee

---

On appeal from the
82nd District Court of Robertson County, Texas
Judge Bryan F. Russ, Jr., presiding
Trial Court Cause No. 21-04-21347-CR

---

JUSTICE SMITH delivered the opinion of the Court.

## MEMORANDUM OPINION

Dustin Lee Miller appeals from his conviction for injury to a child. After finding him guilty, the jury assessed punishment at five years of confinement in the Texas Department of Criminal Justice but suspended the sentence and placed him on community supervision for five years. In his sole issue, Miller asserts the trial court erred in allowing evidence of a twenty-four-year-old misdemeanor conviction. We affirm, as modified.

## BACKGROUND

Prior to the beginning of the trial, the State filed its Notice of Intent to Introduce Extraneous Conduct. Among the extraneous conduct listed, is a 2000 conviction for the misdemeanor offense of making a false report to a police officer. Just before Miller took the stand to testify, the State explained that, although the convictions were more than ten years old, the State wanted to use them for "impeachment on credibility," "especially the false report where he was lying to a police officer." Miller objected that the conviction was too remote, not probative, and highly prejudicial. The trial court overruled Miller's objection and said it would allow the State to present evidence of that conviction.

However, the State did not present evidence of that conviction or mention it before the jury. When Miller was testifying on direct, his counsel asked: "Now, Mr. Miller, you were arrested in 2000 on a charge of making a false statement to the police; is that right?" Miller responded affirmatively and assured the jury he was telling the truth now.

## EXTRANEOUS OFFENSE EVIDENCE

In his sole issue, Miller contends the trial court abused its discretion by ruling that a twenty-four-year-old misdemeanor conviction for making a false statement to a police officer could be used to impeach his character.

The admissibility of prior convictions for witness impeachment purposes is governed by Rule of Evidence 609. *See* TEX. R. EVID. 609. Evidence of a prior criminal conviction is inadmissible if more than ten years has elapsed since the later of the date of conviction or release of the witness from the confinement imposed for that conviction unless the court determines that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. *Id*. A trial court's ruling on admissibility of evidence pursuant to Rule 609 is reviewed for abuse of discretion. *Theus v. State*, 845 S.W.2d 874, 881 (Tex. Crim. App. 1992) (en banc).

Although the State filed a notice of intent to use Miller's prior convictions, and the trial court ruled that one of the convictions is admissible, the State never attempted to present evidence of the conviction. In presenting his defense, Miller stated on direct that he had been arrested in 2000 on a charge of making a false statement to the police in an apparent attempt to control its negative effect before the jury. A defendant who preemptively introduces evidence of a prior conviction on direct examination may not on appeal claim that the admission of such evidence was error. *See Roderick v. State*, 494 S.W.3d 868, 881 (Tex. App—Houston [14th Dist.] 2016, no pet.). By testifying about his arrest first on direct examination, Miller waived any error

regarding the trial court's ruling on the admissibility of his prior conviction. *See id.* We overrule Miller's sole issue.

This Court has the power to correct and reform a trial court's judgment to make the record speak the truth when we have the necessary information to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993) (en banc). In open court, Miller entered a plea of not guilty. Yet, the judgment indicates that he pled guilty. We modify the judgment to reflect a plea of not guilty.

As modified, we affirm the trial court's judgment.

_____

STEVE SMITH
Justice

OPINION DELIVERED and FILED: July 31, 2025

Before Chief Justice Johnson,
     Justice Smith, and
     Justice Harris
Affirmed
Do not publish
CR25

