

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-90,524-01

**EX PARTE DONNIE RAY PEARSON, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1286988-A IN THE 185TH DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of super aggravated sexual assault of a child and sentenced to life imprisonment. The Fourteenth Court of Appeals affirmed his conviction. Pearson v. State, No. 14-11-00041-CR (Tex. App. Houston [14th Dist.] July 17, 2012) (not designated for publication).

Applicant contends that his trial counsel rendered ineffective assistance because trial counsel failed to strike a venire member who indicated that she had been molested as a child, failed to object when the prosecutor referred to Applicant as a "monster" multiple times during opening statements

and closing arguments, failed to pursue his single objection to the prosecutor's reference to an adverse ruling, elicited damaging testimony from the complainant's mother and the lead detective, failed to request a hearing or object when the State's medical expert gave opinion testimony that was not scientifically supportable, failed to request a hearing pursuant to *Theus v. State*, 845 S.W. 2d 874 (Tex. Crim. App. 1992) or object pursuant to Rule 609 of the Texas Rules of Evidence when the State impeached Applicant using a misdemeanor assault conviction and a felony driving while intoxicated conviction, and failed to secure funds or request appointment of a DNA expert for the defense.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). Applicant's trial counsel has submitted an affidavit responding to Applicant's allegations, but the trial court has not entered findings of fact and conclusions of law, and the habeas record is insufficient to address the claims raised in the application. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id.*

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall first ensure that the habeas record is supplemented with a copy of the trial transcripts and the clerk's record. The district clerk shall certify that the habeas record contains

all documents filed by Applicant, including any memorandum or exhibits, and any other pleadings or responses filed by either party. The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.


Filed: November 6, 2019
Do not publish